595 A.2d 23

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Walter A. PORRECA, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued April 8, 1991.

Decided July 16, 1991.

Michael C. Cowley, Scranton, for appellant.

Guy L. Ciarrochi, Deputy Atty. Gen., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Between 1982 and 1984 Walter Porreca was a central figure in a car theft ring which operated in several Pennsylvania counties as well as in New York. During this time, he was involved in stealing vehicles, selling stolen vehicles, cutting up vehicles, switching VIN numbers on vehicles, burning vehicles for insurance fraud, and constructing ve-

hicles from stolen parts. In 1984, Porreca became aware that police were investigating his involvement in this activity and he approached authorities and voluntarily implicated himself in 112 crimes concerning the stolen car ring. For the next three years Porreca assisted police in the investigation and prosecution of other members of the car theft ring.

In 1985 Porreca entered into a written plea agreement which stated that he would cooperate with police investigation of the stolen car operation in return for a promise to reduce the charges against him from 112 various criminal counts to one count each of corrupt organizations and theft by unlawful taking, and the further promise that his sentence would be limited to "county time," i.e., a five year maximum sentence. *See* 42 Pa.C.S. § 9762. In particular, the 1985 agreement stated:

8. In return for Porreca's cooperation, the Attorney General will agree to the following Plea Agreement: (a) The sentence will be that Porecca [sic] will pay the costs of prosecution, make restitution on all charges currently lodged against him in conjunction with the other co-defendants and undergo imprisonment in a county prison for a term to be set by the county judge. (b) The Attorney General will outline Porecca's [sic] full and complete cooperation to the court, thus allowing the court to put on the record its reasons for sentencing below the sentencing guidelines that are mandated under the Judicial Code. (c) The Attorney General will agree that any and all information that Porecca [sic] supplies that would incriminate him in other crimes will not be used against him, except for crimes of violence.

This written plea agreement, which was executed by the parties, was not taken before a court for its approval, as is required by Pa.R.Crim.P. 319. The apparent reason for this is that Judge Conway, of the Court of Common Pleas of Wayne County, Criminal Division, indicated to the parties that he would not accept plea agreements in cases concerning the car theft ring which delineated a specific prison

sentence. Nonetheless, Porreca continued to cooperate with police in the car theft ring investigation.

On September 11, 1986, the Commonwealth and Porreca entered into a second plea agreement, which was presented to the court for its approval, in which the Commonwealth would recommend a sentence limited to "county time," but the court would not be bound by the recommendation:

12. The defendant understands that the court is not a party to and is not bound by this agreement nor by any recommendation made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of fine and imprisonment together with the cost of prosecution.

13. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, yet if the Court refuses to concur with any other aspect of this Agreement, he will be allowed to withdraw his guilty plea pursuant to the Pennsylvania Rules of Criminal Procedure.

*　　*　　*　　*　　*　　*

17. This document states the complete and only plea agreement between the Office of Attorney General and the defendant in this case, and is binding only on the parties to this agreement, said agreement superseding all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any coercions or threats been made in connection with this plea.

The trial court accepted the 1986 plea. The judge who accepted the plea, however, later recused himself, and a second judge presided at sentencing.

At sentencing, in accord with the agreement, the Commonwealth provided extensive argument in favor of a sentence limited to county time. In fact, police described Porreca's cooperation as above and beyond the duty im-

posed by the agreement, and Porreca was given credit for securing forty-five to fifty of the eighty-one convictions associated with the car theft ring. Nonetheless, the trial court imposed an aggregate sentence of two to six years imprisonment. As all sentences with more than a five year maximum term must be served in a state facility, the sentence imposed was not in accord with the Commonwealth's recommendation.

Porreca petitioned to withdraw his plea on the grounds that sentence was not consistent with the 1985 plea agreement and because the guilty plea colloquy was defective. The motion was denied and Porreca appealed. Superior Court affirmed 389 Pa.Super. 553, 567 A.2d 1044 and this court granted Porreca's petition for allowance of appeal.

The first issue raised in this appeal is whether the sentencing court erred in sentencing Porreca to a term in excess of that set out in the plea bargain agreement and in refusing to allow him to withdraw his plea.

Pa.R.Crim.P. 319 provides, in pertinent part:

(a) Generally. Pleas shall be taken in open court. A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere.* The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record. If the defendant shall refuse to plead, the court shall enter a plea of not guilty on the defendant's behalf.

(b) Plea Agreements

(1) The trial judge shall not participate in the plea negotiations preceding an agreement.

(2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

Pursuant to Rule 319, the judge in this case heard the terms of the plea agreement, conducted an inquiry into whether Porreca understood and voluntarily entered into the agreement, and accepted the plea agreement. Porreca's claim, however, is that the trial court erred in not allowing him to withdraw his plea inasmuch as the court did not concur with the Commonwealth's recommendation of a sentence limited to "county time."

This claim is without merit, for the agreement provides that failure of the court to sentence according to the Commonwealth's recommendation shall not be a basis for withdrawal of the plea:

13. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, yet if the Court refuses to concur with any other aspects of this Agreement, he will be allowed to withdraw his guilty plea pursuant to the Pennsylvania Rules of Criminal Procedure.

We believe that confusion has arisen in the area of plea withdrawals because of a failure of litigants and some courts to distinguish plea bargain cases in which the defendant clearly understands that the court is not bound by the Commonwealth's recommendation of sentence, from other cases in which the essence of the bargain is that the court will sentence according to the recommendation of the Commonwealth.

This court has addressed this question in *Commonwealth v. Dickerson*, 449 Pa. 70, 295 A.2d 282 (1972), where we stated:

Where the district attorney enters into and keeps a plea bargain to recommend a certain sentence to the court,

*and the defendant clearly understands this recommendation is not binding on the court, ... the plea is not rendered invalid merely because the court rejects the district attorney's recommendation.*

449 Pa. 70, 76, 295 A.2d 282, 285 (1972) (emphasis added). Confusion has arisen not because *Dickerson* is unclear, but because dicta in two subsequent cases have suggested a contrary holding.[1] We now expressly adopt the rule of *Dickerson*, and hold that when a written plea agreement includes specific language that the defendant knowingly waives his right to withdraw his plea if the trial judge should not concur in the recommended sentence, the defendant is not entitled to withdraw his plea; but if a plea agreement is silent on whether the defendant may withdraw the plea in the event that the trial court does not concur in the recommended sentence, the defendant shall be

---

1. Although *Dickerson* remains good law, in two subsequent cases, *Commonwealth v. Bennett*, 512 Pa. 525, 517 A.2d 1248 (1986) and *Commonwealth v. McNeill*, 453 Pa. 102, 305 A.2d 51 (1973), this court seemed to adopt, although by way of dictum, a contrary holding. In *Commonwealth v. Bennett*, the court stated, in dictum:

    The trial court in *Fazenbaker* [a Superior Court case] accepted a defendant's plea and four months later sentenced him *in excess of the Commonwealth's recommendation.* Fazenbaker petitioned the court for permission to withdraw his guilty plea within 10 days of sentencing, and the trial court denied the petition. Superior Court correctly vacated the judgment of sentence in *Fazenbaker* pursuant to Rule 319(b)(3), for when a court rejects the terms of a plea agreement, the Rule requires that the court grant a timely petition for withdrawal of a guilty plea.

    512 Pa. at 533, 517 A.2d 1248. (Emphasis added). *Fazenbaker*, the Superior Court case referred to in *Bennett*, in turn, relies on our earlier case of *Commonwealth v. McNeill*, 453 Pa. 102, 305 A.2d 51 (1973), which Superior Court itself describes as addressing the problem by way of dictum, *Commonwealth v. Fazenbaker*, 248 Pa.Super. 433, 437 n. 3, 375 A.2d 175, 176 n. 3 (1977). Our cases after *Dickerson*, then, have addressed the problem in dictum and dictum based on dictum.

    Hopefully, we end the confusion today by adopting the analysis of *Dickerson* that there is a difference between a plea bargain in which the defendant knows that the court may not honor a sentencing recommendation and one in which the defendant expects the recommendation to be honored. In the former case, the failure of the court to sentence according to the recommendation of the Commonwealth does not give rise to a defendant's right to withdraw the plea.

entitled to withdraw his plea, as is the current practice under Rule 319. On the facts of this case, there was no occasion, under the agreement or Rule 319, for the court to allow Porreca to withdraw his plea, for the plea agreement expressly prohibited withdrawal in the event that the court did not concur in the recommendation of sentence.[2]

■ Porreca's second assertion of error is that the sentencing court erred in accepting his guilty plea when the court failed to insure that his plea was voluntarily and intelligently made. The basis for this claim is that in his written guilty plea colloquy, the following question and answer appeared:

12. Have any threats or promises been made to you to persuade you to enter a plea of guilty (other than any plea agreement that has been negotiated for you by yourself or your attorney?) YES.

This written plea colloquy is a form containing seventeen questions which the defendant was asked in order to aid the court in insuring that the plea was voluntarily and knowingly entered. Although Porreca answered question number twelve in the affirmative, the court made no inquiry into the nature of the alleged threats or promises and Porreca now claims that this omission renders his guilty plea invalid.

It is well established that "[t]he plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." *Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432–33 (1971). Our Rule of Criminal Procedure 319 addresses the concern that a plea bargain must be voluntary and knowing, and provides, inter alia, that the court before which the plea is presented must

**2.** Insofar as Porreca's assertion is that the court erred in not abiding by the 1985 agreement, the claim is also without merit. Under Rule 319, there is no plea agreement unless it is presented to the court. The 1985 agreement was never presented to the court. Moreover, even if the 1985 agreement had been presented to a court, paragraph 17 of the 1986 agreement, *supra*, clearly states that the 1986 agreement superseded all other agreements, that it is the only plea agreement then extant, and that it states the complete agreement between the parties.

conduct an inquiry on the record to determine whether the defendant understands and concurs in the agreement and that the plea is understandingly and voluntarily tendered. Pa.R.Crim.P. 319(b)(2), (3), *supra.*

At the guilty plea colloquy the court's inquiry into whether Porreca's plea was understandingly and voluntarily entered was limited to the following exchange:

COMMONWEALTH ATTORNEY. Your Honor, Mr. Porreca has been charged with, again, various counts of corrupt organizations, receiving stolen property, conspiracy and various Vehicle Code offenses. I believe that there has been approximately one hundred twelve counts lodged against Mr. Porreca. He is present today after having had long conversations, not only with myself individually, but with counsel, and has agreed to enter a plea today to one count of corrupt organizations, one count of receiving stolen property and one count of criminal conspiracy.

Mr. Porreca's grading of the corrupt organizations, of course, is a felony of the first degree, the receiving stolen property and the criminal conspiracy are felonies of the third degree, your Honor. Based upon that, that would be a total possible involvement of thirty-four years in prison and fifty-five thousand dollars total fine.

The Commonwealth is prepared, based upon his entry of these pleas and agreeing to the plea agreement as outlined in the pages which I have prepared and will be submitting to the Court, to accept that in full satisfaction of all charges lodged against him.

Mr. Porreca, have you had and opportunity to discussion these charges [sic] with your counsel?

PORRECA. Yes. I have.

COMMONWEALTH ATTORNEY. Have you had an opportunity to review, which I have in front of me, a guilty plea colloquy, which outlines the rights that you have under Pennsylvania Law prior to your entering your guilty plea?

PORRECA. Yes.

COMMONWEALTH ATTORNEY. Is this your initials on each page here?

PORRECA. Yes, it is.

COMMONWEALTH ATTORNEY. Is this your signature here indicating that you do understand your rights?

PORRECA. Yes, sir.

COMMONWEALTH ATTORNEY. Mr. Gibbons, have you had an opportunity to discuss this guilty plea colloquy with you [sic] client, Mr. Porreca?

MR. GIBBONS. Yes, we have, and I believe that he fully understands everything that is contained inside.

COMMONWEALTH ATTORNEY. Mr. Porreca, I also have in front of me a letter that I have sent to Mr. Gibbons outlining the plea agreement between the Commonwealth and Walter A. Porreca, Jr., which covers the understanding that I have with you and your counsel as to your agreements to not only plead guilty to these charges, but also as to the recommendations that I would made at sentencing?

PORRECA. Yes, sir.

COMMONWEALTH ATTORNEY. Reviewing all of these records, Mr. Porreca, and understanding the charges that are against you and the possible punishment for [sic] which you are facing, are you still willing to enter a plea of guilty, as I have indicated, that is to corrupt organizations, receiving stolen property and criminal conspiracy, today?

PORRECA. Yes, I am.

COMMONWEALTH ATTORNEY. Your Honor, I would like to submit this as part of the record and ask the Court to accept his guilty plea.

THE COURT. All right, Mr. Porreca. Do you want to enter a guilty plea?

PORRECA. Yes, sir.

THE COURT. And you understand everything?

PORRECA. Yes, I do.

THE COURT. All right. We will accept the plea and order a pre-sentence.

N.T. (September 11, 1986, Guilty Plea Colloquy), 2–4.

Nowhere in this colloquy is there an inquiry into what other promises or threats were made to Porreca. This was error, for not only does it violate the requirement of Rule 319 that the trial court must determine that the plea was "understandingly and voluntarily tendered," but also it violates the underlying constitutional rationale set out by the United States Supreme Court in *Santobello v. New York:*

> [T]he adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

404 U.S. at 262, 92 S.Ct. at 498, 30 L.Ed.2d at 433. Until there is inquiry into the promises or threats referred to in Porreca's response to question 12, it is impossible to know what those promises or threats were and whether they have been fulfilled. In other words, since the plea may have been induced by an unfulfilled promise, it may be constitutionally defective under *Santobello.* If the plea is constitutionally defective, Porreca may be entitled to withdrawal of his plea.

Judgment of Superior Court is reversed. Case is remanded to the Court of Common Pleas of Wayne County, Criminal Division, to conduct a guilty plea colloquy which addresses Porreca's assertion that his plea was induced by promises or threats not part of the plea agreement.