J-S67005-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WALTER D. MATTHEWS, | : | |
| | : | |
| Appellant | : | No. 1977 WDA 2013 |

Appeal from the Judgment of Sentence September 18, 2012,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0001726-2012

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED NOVEMBER 10, 2014**

Walter D. Matthews ("Matthews") appeals from the judgment of sentence entered on September 18, 2012 in the Court of Common Pleas of Allegheny County, Criminal Division, following his guilty plea to one count of receiving stolen property.[1]  We affirm.

Because Matthews challenges the validity of his guilty plea, a recitation of the facts underlying his conviction is unnecessary.  The relevant procedural history of this case is as follows.  On June 19, 2012, Matthews pled guilty to one count of receiving stolen property.  On that date, the trial court deferred sentencing so that it could obtain a pre-sentence report.  On August 30, 2012, Matthews arrived late for his sentencing hearing.  Matthews received a drug screen and tested positive for cocaine.  The trial

---

[1]  18 Pa.C.S.A. § 3925(a).

*Former Justice specially assigned to the Superior Court.

court revoked his bond and sent him to the Allegheny County Jail, delaying his sentencing until September 2012. On September 18, 2012, the trial court sentenced Matthews to 15 to 60 months of incarceration.

On September 25, 2012, Matthews filed a post-sentence motion to withdraw his guilty plea. On January 16, 2013, Matthews filed an amended motion to withdraw guilty plea, which the trial court denied on January 18, 2013. Matthews filed no notice of appeal from the September 18, 2012 judgment of sentence.

On February 1, 2013, Matthews filed, *pro se*, a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. On February 7, 2013, the trial court appointed counsel to represent Matthews and afforded counsel time to file an amended PCRA petition. On July 2, 2013,[2] Matthews filed an amended PCRA petition in which he claimed that counsel was ineffective for failing to object to a sentence not in compliance with a plea agreement and for failing to preserve his appellate rights. Amended PCRA Petition, 7/2/13, ¶¶ 10-11. On July 9, 2013, the trial court entered an order reinstating Matthews's post-sentence and appellate rights.

On July 18, 2013, Matthews filed another post-sentence motion seeking permission to withdraw his guilty plea, which the trial court denied on November 14, 2013. On December 13, 2013, Matthews filed a notice of

---

[2] The trial court granted Matthews three extensions, on March 27, 2013, May 7, 2013, and June 13, 2013, to file an amended PCRA petition.

appeal. On December 17, 2013, the trial court ordered Matthews to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On January 6, 2014, Matthews filed a timely Rule 1925(b) statement.

On appeal, Matthews raises the following issues for review:

> 1. Were the circumstances surrounding the entry of [Matthews]'s plea ambiguous or confusing enough to render [his] plea unknowing and/or involuntary where [Matthews] was either 1) led to believe that he would receive a sentence of probation if he tendered a plea of guilty and began to make restitution payments prior to August 30, 2012, the originally scheduled date of sentencing, or 2), suffered legitimate confusion as to the existence of such a promise?
>
> 2. Did the sentencing court err in failing to provide [Matthews] an opportunity to withdraw his plea pre-sentence when the court became disinclined to sentence [him] in accordance with an understanding created when [he] withdrew his request for a jury trial and instead entered a plea of guilty[?]

Matthews's Brief at 3.

Our Court has held that "[t]here is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003). "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." **Commonwealth v. Pardo**, 35 A.3d 1222, 1227 (Pa. Super. 2011). "[P]ost-sentence motions for withdrawal are

- 3 -

subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (quotations omitted). Importantly, "a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). Our Court has held that "[a] plea rises to the level of manifest injustice when it is entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002)).

Prior to accepting a guilty plea, a trial court must determine on the record whether it is voluntarily, knowingly, and intelligently tendered. *See* Pa.R.Crim.P. 590(a)(3). In order to ensure a voluntary, knowing, and intelligent plea, our Supreme Court requires that a trial court, at a minimum, ask the following questions during a plea colloquy:

1) Does the defendant understand the nature of the charges to which he is pleading guilty?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he has the right to a trial by jury?

4) Does the defendant understand that he is presumed innocent until he is found guilty?

> > 5)   Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> > 6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa. Super. 2007). Additionally, "the examination does not have to be solely oral. Nothing precludes the use of a written colloquy that is read, completed, and signed by the defendant, made part of the record, and supplemented by some on-the-record oral examination." *Id.* "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (citation omitted). In assessing the adequacy of a guilty plea colloquy and the voluntariness of the subsequent plea, "the court must examine the totality of circumstances surrounding the plea." *Broaden*, 980 A.2d at 129.

For his first issue on appeal, Matthews argues that he did not voluntarily, knowingly, and intelligently tender his guilty plea. Matthews Brief at 7-12. Matthews claims that there was an off-the-record agreement in place where he would receive a sentence of time served and probation in exchange for his guilty plea. *Id.* Matthews refers to the following events in support of his assertion that there was an off-the-record plea agreement. First, at the plea hearing, Matthews initially requested a jury trial, but

following an off-the-record conversation with his attorney, decided to plead guilty. *Id.* at 8. Matthews contends that "it stands to reason … that something was said to [him] off-the-record to prompt the change of mind." *Id.* Second, at the plea hearing, there was a lengthy discussion involving Matthews's concern that he would not be allowed to live at the St. Joseph House of Hospitality ("St. Joseph House") if he had an ankle bracelet. *Id.* at 9. The trial court also told Matthews that it wanted him to provide proof that he was abiding by the rules of that facility, that he was compliant with his parole agent, and that he had begun paying restitution. *Id.* Matthews argues that this discussion would have been unnecessary if there had been no agreement in place maintaining Matthews's current living arrangements. *Id.* Third, at the sentencing hearing, Matthews's attorney made remarks to the effect that Matthews had received a plea offer for time served and probation. *Id.* at 9-11. Based on these events, Matthews maintains that he received an off-the-record plea offer for a sentence of time served and probation, or in the alternative, the circumstances demonstrate too much confusion on his part for him to have tendered a voluntary, knowing, and intelligent guilty plea. *Id.* at 7-12.

We conclude that the trial court did not err in finding that Matthews voluntarily, knowingly, and intelligently tendered his guilty plea. During the guilty plea colloquy, the trial confirmed with Matthews that he understood the nature of the charges to which he was pleading guilty, that there was a

factual basis for the plea, and that Matthews was aware of the permissible ranges of sentences and/or fines for the offense charged. N.T., 6/19/12, at 7-8. Additionally, in the written colloquy, Matthews indicated that he understood that he had the right to a trial by jury, that he was innocent until proven guilty, and that the judge was not bound by the terms of any plea agreement tendered unless the judge accepted such an agreement. Guilty Plea Explanation of Defendant's Rights, 6/19/12, ¶¶ 9, 17, 58. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Pollard**, 832 A.2d at 523. Thus, the record supports the trial court's conclusion that Matthews voluntarily, knowingly, and intelligently tendered his guilty plea. **See Moser**, 921 A.2d at 529.

Moreover, our review of the certified record on appeal reveals no support for Matthews's claims that he received an off-the-record plea agreement for a sentence of time served and probation. During the oral colloquy, Matthews stated that no promises had been made to him in connection with his guilty plea. N.T., 6/19/12, at 6. In the written colloquy, Matthews specifically answered "no" to the question of whether there was a plea bargain in this case. Guilty Plea Explanation of Defendant's Rights, 6/19/12, ¶ 60.

Furthermore, although Matthews did initially request a jury trial and shortly thereafter decide to plead guilty, there is no indication in the plea hearing transcripts that there was an off-the-record plea offer made prompting him to plead guilty. *See* N.T., 6/19/12, at 2-4. Because we do not know what Matthews's attorney said to him during the off-the-record discussion prior to his decision to plead guilty, we cannot say what prompted this course of action. Likewise, while there was a discussion during the plea hearing regarding the St. Joseph House, restitution, and Matthews's compliance with parole, there is no evidence in the plea hearing transcripts that this conversation occurred because there was an off-the-record plea agreement in which Matthews would receive a sentence of time served and probation. *See id.* at 9-15.

Additionally, we do not find the above-referenced exchange from Matthews's sentencing hearing to indicate that a plea agreement existed in this case. This exchange occurred as follows:

> [Defense Counsel]: Your Honor, he was offered time served and probation.
>
> The Court: Well, he chose not to accept that.
>
> [Defense Counsel]: No, on August 30th. I know it's very confusing because he's been in front of you so many times. Obviously and justifiably the court was not happy with him coming in on August 30th for his sentence and being high on -- well, if you have cocaine in your system -- excuse my terminology Mr. Matthews, but that's not exactly being clearheaded, right?

[Matthews]: I was clearheaded.

The Court: Was there a plea agreement? Was that the case?

[Defense Counsel]: For time served and probation it was.

The Court: Because I have a note here that there was a plea and we did order a pre-sentence report.

[The Prosecutor]: Unfortunately, Your Honor, I was not here for the plea. I'm filling in for my partner. He indicated to me that this was a general plea.

The Court: This was a general plea, it was noted here -- I'm speaking now Mr. Matthews – it was noted here that he had a five prior record score, was living at Saint Joe's on parole and giving clean screens. He had a three in the mitigated range, but I ordered a pre-sentence report so [defense counsel] could argue for me to depart from that and for him to attempt to make some restitution in order for me to consider a below mitigated range sentence.

[Defense Counsel]:  Your Honor --

The Court: Unfortunately, there was no plea agreement in this case and his behavior since that time, in fact, convinced me that the mitigated range sentence is not appropriate, that a sentence in the aggravated range would be more appropriate.

*       *       *

[Defense Counsel]: Your Honor, for the matter -- for the record, on June 19th of 2012, when the plea was taken, the Court's notes are absolutely correct, Mr. Matthews signed my file, but I had asked for a pre-sentence report so that we had additional time, everything you said is correct, and that as noted on my file request time served and probation. Mr.

> Matthews signed that back on June 19th, and to pay off the restitution as much as he could to show a good-faith effort. When he came in on August 30th for sentencing, we had the problem then of being late for court. He was urine screened. He tested positive. So the Judge is correct.

N.T., 9/18/12, at 11-14.

Matthews asserts that because both he and his attorney attempted to interject while the Judge was speaking, this exchange is proof that they believed a plea agreement was in place. Matthews's Brief at 10. Matthews also claims that his attorney's confirmation of the trial court's understanding of the circumstances surrounding his guilty plea is incorrect because his attorney did not request a pre-sentence report, as she claims, but rather the trial court ordered the report. *Id.* at 11; N.T., 6/19/12, at 9-14. At most, this passage establishes that defense counsel was going to request time served and probation after the completion of a pre-sentence report. It does not support his contention that he received an off-the-record plea agreement prompting him to plead guilty.

For his next issue on appeal, Matthews claims that the trial court erred when it did not provide an opportunity to withdraw his guilty plea pre-sentence when it decided not to sentence him in accordance with an off-the-record plea deal that he agreed to prior to pleading guilty. Matthews's Brief at 13-14. Matthews cites **Commonwealth v. Porreca**, 595 A.2d 23 (Pa. 1991) for the proposition that when a "court is unwilling to accept an

agreement reached by the defendant and the Commonwealth[,] the defendant should be given the opportunity to withdraw the plea before sentence is imposed." Matthews's Brief at 13. However, our Supreme Court in **Porreca** held that

> when a written plea agreement includes specific language that the defendant knowingly waives his right to withdraw his plea if the trial judge should not concur in the recommended sentence, the defendant is not entitled to withdraw his plea; but if a plea agreement is silent on whether the defendant may withdraw the plea in the event that the trial court does not concur in the recommended sentence, the defendant shall be entitled to withdraw his plea[.]

**Porreca**, 595 A.2d at 26. Because we have already determined that there is no evidence of record to support Matthews's assertion that there was an off-the-record plea agreement in this case, **Porreca** does not apply here. Accordingly, Matthews is not entitled to any relief on this issue.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014

- 11 -