J-S92024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SIAM SHABAZZ YEISER | |
| Appellant | No. 712 WDA 2016 |

Appeal from the Judgment of Sentence April 4, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000200-2016

BEFORE: SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.: **FILED SEPTEMBER 01, 2017**

Siam Shabazz Yeiser appeals from the April 4, 2016 judgment of sentence entered in the Clearfield County Court of Common Pleas following his entry of a guilty plea to possession of contraband by an inmate (controlled substance).[1] In a prior memorandum, we remanded this matter for the filing of a counseled Pennsylvania Rule of Appellate Procedure 1925(b) statement and a new Rule 1925(a) opinion. *See Commonwealth v. Yeiser*, No. 712 WDA 2016, unpublished mem. (Pa.Super. filed Mar. 29, 2017). Yeiser filed a counseled Rule 1925(b) statement on April 19, 2017, and the trial court issued a new Rule 1925(a) opinion on May 2, 2017. On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5123(a.2).

May 23, 2017, this Court ordered the parties to submit new briefs addressing the issues. On June 30, 2017, Yeiser's counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and a petition to withdraw from representation that was attached as an appendix to the brief;[2] the Commonwealth filed its brief on August 1, 2017. Because we find a non-frivolous issue of record, we deny counsel's petition to withdraw and direct counsel to file an advocate's brief.

In our prior memorandum, we set forth a detailed factual and procedural history of this case, which we incorporate herein. **See Yeiser**, No. 712 WDA 2016, unpublished mem. at 2-3.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues until we address counsel's request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Before we address the issues raised in the **Anders** brief, we must first determine whether counsel's petition to withdraw satisfies the procedural requirements of **Anders**. To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous;

---

[2] On August 15, 2017, this Court denied counsel's November 15, 2016 petition to withdraw as moot and directed the Prothonotary to file counsel's new petition to withdraw, which had been attached to the **Anders** brief as Appendix G. **See** Order, 8/15/17.

2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

In his petition, counsel states that after a "thorough review and analysis of the record and of the issues raised by [Yeiser,]" he has "found no merit in any actual or potential issues and . . . certif[ies] that the appeal is frivolous." Pet. to Withdraw, 8/15/17, ¶ 2. Counsel has also certified that he furnished a copy of the *Anders* brief to Yeiser, *see* Proof of Service, 6/29/17, and sent Yeiser a copy of the petition to withdraw with a letter advising Yeiser that "[he] ha[s] the right to retain new counsel to pursue the appeal or to proceed *pro se* to raise any points that [he] deem[s] worthy of the Court's attention." Ltr. to Yeiser, 6/28/17. We conclude that counsel's petition to withdraw complies with the procedural dictates of *Anders*.

We must next determine whether counsel's *Anders* brief meets the requirements established by the Pennsylvania Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Here, counsel has provided a summary of the procedural and factual history with appropriate citations to the record. Counsel has evaluated the issues Yeiser wishes to raise, stated that such an appeal is frivolous, and set forth his reasons for that conclusion. We conclude that counsel has complied with the technical requirements of **Anders** and **Santiago**.[3] However, because we conclude that one of the issues raised in the **Anders** brief is non-frivolous, we deny counsel's petition to withdraw.

On appeal, Yeiser argues that his "plea agreement was void and the [trial c]ourt erred by sentencing him [because he] . . . was not given both a written and a verbal colloquy." 1925(b) Stmt., 4/19/17.[4] In his **Anders** brief, counsel asserts that this claim is frivolous because the written colloquy inquired into all areas required under Pennsylvania Rule of Criminal Procedure 590 and, because "there is no known rule that verbal colloquy must also be conducted at sentencing in addition to a full written colloquy." **Anders** Br. at 17. The Commonwealth agrees, noting that Yeiser "simply

---

[3] We note that counsel's current **Anders** brief is substantially the same as the first **Anders** brief counsel submitted to this Court.

[4] In our prior memorandum, we stated that "Yeiser has raised at least one non-frivolous issue regarding the validity of his guilty plea, which should be addressed in an advocate's brief if appealed." **See Yeiser**, No. 712 WDA 2016, unpublished mem. at 5 n.7. Given that directive, we have difficulty understanding why counsel elected to file another **Anders** brief, much less an **Anders** brief in substantially the same form as his first **Anders** brief.

states that the plea agreement should be void because he did not receive an oral colloquy in addition to the extensive written colloquy." Cmwlth.'s Br. at 16. It further argues that "[b]ecause [Yeiser] unquestionabl[y] tendered the plea voluntarily and intelligently, his argument is frivolous." Cmlwth.'s Br. at 16. We disagree.

On February 27, 2016, Yeiser signed a written guilty plea colloquy. The only mention in the record of Yeiser having actually entered a plea before the trial court is in the sentencing transcript, where all parties acknowledged that Yeiser had entered his guilty plea before the court.[5] *See* N.T., 4/4/16, at 1. The record contains no transcript of an oral colloquy of Yeiser by the trial court.

Rule 590 governs guilty pleas; subsection (B)(2) requires:

> The judge **shall** conduct a separate inquiry of the defendant **on the record** to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

---

[5] Yeiser's written plea colloquy was filed with the trial court on March 7, 2016. Yeiser was sentenced on April 4, 2016, which is when the parties and the trial court all agreed that at some earlier, unspecified time, Yeiser had appeared before the trial court and entered his plea. Neither party's brief identifies the date of this plea, and we have found nothing in the certified record, other than the above-referenced statements made at sentencing, suggesting precisely when, or even if, Yeiser actually entered his plea.

Pa.R.Crim.P. 590(B)(2) (emphasis and italics added).[6] The comments to Rule 590 provide that

> [w]hen a guilty plea, or plea of *nolo contendere*, includes a plea agreement, the 1995 amendment to paragraph (B)(2) requires that the judge conduct a **separate inquiry on the record** to determine that the defendant understands and accepts the terms of the plea agreement.

*Id.* cmt. (emphasis and italics added). That comment also cites **Commonwealth v. Porreca**, 595 A.2d 23 (Pa. 1991), where our Supreme Court determined that the trial court erred when in failing to separately inquire about Porreca's "yes" answer to a question in the written colloquy asking whether any threats or promises had been made to Porreca to persuade him to plead guilty. 595 A.2d at 27. The **Porreca** Court held that the trial court's failure to ask Porreca about that "yes" answer violated the prior version of Rule 590, which required that the trial court determine that the plea was "understandingly and voluntarily tendered," and the underlying safeguards established by the United States Supreme Court in **Santobello v. New York**, 404 U.S. 257 (1971), designed "to insure the defendant what is reasonably due in the circumstances." **Porreca**, 595 A.2d at 28 (quoting **Santobello**, 404 U.S. at 262).

---

[6] Rules 590(A)(1) and (3) also require that: (1) pleas be "taken in open court," (2) the trial court "determine **after inquiry of the defendant** that the plea is voluntarily and understandingly tendered," and (3) the trial court's "inquiry . . . **appear on the record**." Pa.R.Crim.P. 590(A)(1), (3) (emphasis added).

- 6 -

Under these circumstances, we conclude that Yeiser's guilty plea claim is not frivolous. The plain language of Rule 590(B)(2) appears to require an on-the-record inquiry when the defendant pleads pursuant to an agreement. Here, the trial court apparently did not conduct an oral colloquy of Yeiser before accepting his plea and sentencing him pursuant to a negotiated plea agreement. Given a lack of case law interpreting or applying Rule 590(B)(2), we conclude that Yeiser's issue is not frivolous.[7] We, therefore, direct counsel to file an advocate's brief within 30 days of the date of this memorandum addressing (1) whether Rule 590(B)(2) required the trial court to conduct an oral colloquy of Yeiser before accepting his guilty plea, and (2) if so, whether a violation of Rule 590(B)(2) requires this Court to vacate Yeiser's judgment of sentence. The Commonwealth may file a brief in response within 30 days of the filing of the advocate's brief.

Motion to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.[8]

_____

[7] We do not express an opinion as to the relative merit of this issue, but only conclude that this issue is non-frivolous and requires further briefing.

[8] Yeiser claims that the trial court's failure to colloquy him on the record prevented Yeiser from (1) being informed that he could proceed to trial, and (2) pleading his guilt or innocence at the time of sentencing. Further, Yeiser claims that the trial court abused its discretion by ordering that Yeiser serve the sentence for this conviction consecutive to the sentence that he is currently serving. We need not address these issues
*(Footnote Continued Next Page)*

because his non-frivolous guilty plea issue bears on them and, if he is granted relief, may render these issues moot.