J-S92024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SIAM SHABAZZ YEISER | |
| Appellant | No. 712 WDA 2016 |

Appeal from the Judgment of Sentence April 4, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000200-2016

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:         **FILED DECEMBER 20, 2017**

Siam Shabazz Yeiser appeals from the April 4, 2016 judgment of sentence entered in the Clearfield County Court of Common Pleas following his entry of a guilty plea to possession of contraband by an inmate (controlled substance).[1]  Because Yeiser did not challenge the validity of his plea in his post-sentence motion, we are constrained to affirm the judgment of sentence.

The trial court set forth the factual and procedural history of this matter as follows:

> The [aforementioned] charges were filed as a result of an incident that occurred on May 16, 2015 at the State

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5123(a.2).

Correctional Institution in Houtzdale wherein [Yeiser] was an inmate. It was alleged that at that time [Yeiser] was visiting with Jasmine Santos in the prison visiting room. Santos allegedly placed three small balloons containing marijuana into an M&M bag which was passed to [Yeiser]. [Yeiser] then swallowed the balloons. The circumstances were observed by security personnel at the prison and Yeiser was placed in a dry tank. Thereafter, [Yeiser]'s stool was searched and the three different colored balloons were confiscated. The Erie Crime Lab did an analysis and determined that the substance inside the balloons was marijuana, with a total weight of 2.98 grams.

[Yeiser]'s preliminary hearing was scheduled for February 29, 2016, at which time he waived his case to court. [Yeiser] was represented by the Public Defender at the time of the preliminary hearing. A negotiated plea agreement and guilty plea colloquy document was filed with the record on March 7, 2016. [Yeiser] agreed to plead guilty to the Felony charge of Possession of Contraband/Inmate and receive a minimum period of 1 year and a maximum period of 2 years incarceration. The plea agreement provided that fines, costs, restitution and all other terms were up to the Court . . . . [Yeiser] appeared at sentencing court on April 4, 2016, along with his attorney. The only question at [the] time of sentencing was whether the Court would impose the 1-2 year period of incarceration concurrent or consecutive to the other periods of incarceration currently being served by [Yeiser]. Following argument by both the Commonwealth and the Defense, the Court sentenced [Yeiser] to a consecutive period of incarceration.

Opinion, 7/28/16, at 1-2 ("1925(a) Op."). On April 13, 2016, Yeiser filed a post-sentence motion for reconsideration of sentence. The trial court denied this motion on May 10, 2016.

Yeiser timely appealed to this Court. However, we remanded this matter for the filing of a counseled Pennsylvania Rule of Appellate Procedure 1925(b) statement and a new Rule 1925(a) opinion, because "the trial court

erred by responding to the merits of the issues Yeiser raised in [a] *pro se* 1925(b) statement." ***See Commonwealth v. Yeiser***, No. 712 WDA 2016, unpublished mem. at *4 (Pa.Super. filed Mar. 29, 2017). Yeiser filed his counseled Rule 1925(b) statement on April 19, 2017, and the trial court issued a new Rule 1925(a) opinion on May 2, 2017.

On May 23, 2017, we directed the parties to submit new briefs addressing the issues and, on June 30, 2017, Yeiser's counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and a petition to withdraw as counsel.[2] In our second memorandum, we denied counsel's petition to withdraw because a non-frivolous issue existed and directed counsel to file an advocate's brief. ***See Commonwealth v. Yeiser***, No. 712 WDA 2016, unpublished mem. (Pa.Super. filed Sept. 1, 2017). Yeiser's counsel filed an advocate's brief on October 25, 2017; the Commonwealth filed its brief on November 22, 2017.

In his brief, Yeiser raises the following two questions: "Whether Rule 590(B)(2) requires the trial court to conduct an oral colloquy of Yeiser before accepting his guilty plea, and if so, whether a violation of Rule 590(B)(2)

---

[2] Counsel's first brief was also an ***Anders*** brief, to which counsel attached a petition to withdraw. We did not dispose of counsel's petition in our first memorandum. In his June 30, 2017 ***Anders*** brief, counsel attached a petition to withdraw but did not file it of record. Accordingly, on August 15, 2017, we denied counsel's first petition to withdraw and directed the Prothonotary to file counsel's second petition. ***See*** Super. Ct. Order, 8/15/17.

requires the Court to vacate Yeiser's judgement [sic] of sentence." Yeiser's Br. at 7.

It is well settled that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing[, and the f]ailure to employ either measure results in waiver."[3] **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa.Super. 2013); **see also Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008) ("[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal"). "Pennsylvania courts adhere to this waiver principle because '[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.'" **Lincoln**, 72 A.3d at 610 (quoting **Commonwealth v. Roberts**, 352 A.2d 140, 141 (Pa.Super. 1975)); **see also Rush**, 959 A.2d at 949 ("[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas . . . in the trial court, that appellant cannot support those claims in this Court by advancing legal arguments different than the

---

[3] Yeiser's counsel failed to identify this issue in either of the two **Anders** briefs he filed with this Court.

ones that were made when the claims were preserved.") (internal citation omitted).

In his April 13, 2016 post-sentence motion, Yeiser asked the trial court to modify his sentence to run concurrent, rather than consecutive, to his prior sentence. Yeiser did not challenge the validity of his guilty plea. Accordingly, we are constrained to conclude that Yeiser has waived his issue on appeal.[4]

_____

[4] Had Yeiser not waived this issue, his claim would not have been frivolous. When a defendant tenders a guilty plea or plea of *nolo contendere* based on a plea agreement, Pennsylvania Rule of Criminal Procedure 590(B)(2) provides that "[t]he judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2). The comments to Rule 590 clarify this requirement:

> It is advisable that the judge conduct the examination of the defendant. However, paragraph (A) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge. In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the proceedings. **This written colloquy would have to be supplemented by some on-the-record oral examination.** Its use would not, of course, change any other requirement of law, including these rules, regarding the prerequisites of a valid guilty plea or plea of *nolo contendere*.
>
> . . .
>
> When a guilty plea, or plea of *nolo contendere*, includes a plea agreement, the 1995 amendment to paragraph

*(Footnote Continued Next Page)*

- 5 -

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/20/2017

_(Footnote Continued)_ ───────────

> (B)(2) requires that the judge conduct a separate inquiry on the record to determine that the defendant understands and accepts the terms of the plea agreement. **_See_ _Commonwealth v. Porreca_**, 595 A.2d 23 (Pa. 1991).

**_Id._** at cmt (emphasis added); **_see also Commonwealth v. Gunter_**, 771 A.2d 767, 771 (Pa. 2001) (Nigro, J., concurring) ("[R]egardless of the sufficiency of the written colloquy," where no on-the-record colloquy appears, a defendant cannot enter into plea "knowingly and freely.").

Here, neither the trial court nor counsel colloquied Yeiser on-the-record regarding his plea.  Instead, the trial court accepted the Commonwealth's representation in a written plea colloquy (signed nearly five weeks before the in-court proceeding) that Yeiser had executed a negotiated plea agreement with the Commonwealth; the court then proceeded directly to sentencing.  N.T., 4/4/16, at 1.  Despite Yeiser's waiver, given the significant rights surrendered by a defendant who pleads guilty or _nolo contendere_, we note our concerns about this truncated plea proceeding, which lacked an oral plea colloquy.