J-S69024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARLENEA ANN URAVAGE | : | |
| | : | |
| Appellant | : | No. 300 MDA 2018 |

Appeal from the Judgment of Sentence November 21, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002269-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 30, 2018**

Marlena Ann Uravage appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following her open[1] guilty plea to the charge of simple assault.[2]  In this appeal, Uravage claims that the trial court abused its discretion by sentencing her within the aggravated range of the Sentencing Guidelines, without considering mitigating factors.  Counsel has filed an ***Anders***[3] brief, and accompanying petition, seeking leave to

_____

[1] Although the assistant district attorney classified Uravage's plea as negotiated, we note that he also stated, "[t]he parties have not made any agreement as to sentencing."  ***See*** N.T. Plea Hearing, 10/11/17, at 1.  Thus, the plea is categorized as open, not negotiated.  ***See Commonwealth v. Porreca***, 567 A.2d 1044, 1047 (Pa. Super. 1989), *rev'd on other grounds*, 595 A.2d 23 (Pa. 1991).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] ***Anders v. California***, 386 U.S. 738 (1967).

withdraw. Following a thorough independent review of the certified record, Uravage's brief,[4] and the relevant law, we grant counsel's motion to withdraw and affirm the judgment of sentence.

The charges underlying Uravage's sentence stemmed from a May 28, 2017 incident in which she randomly and without provocation forcefully shoved a minor, causing the minor to suffer a muscle sprain in her neck. After accepting Uravage's plea[5] for simple assault,[6] the trial court ordered a presentence investigation report ("PSI"). N.T. Plea Hearing, 10/27/17, at 7. At sentencing, Uravage argued her prior record score of zero and offense gravity score of three warranted a sentence within the standard range of the Sentencing Guidelines—restorative sanctions to one month of incarceration. N.T. Sentencing Hearing, 11/21/17, at 2; Pennsylvania Sentencing Guidelines (7th Ed., Amend. 3). Citing the information contained in the PSI, the nature of the assault, and Uravage's lack of remorse as aggravating circumstances, the court imposed a sentence within the aggravated range of the guidelines. N.T. Sentencing Hearing, 11/21/17, at 8; Pennsylvania Sentencing Guidelines

_____

[4] The Commonwealth did not file an appellee's brief and agrees with counsel's assessment that any appeal is entirely frivolous and without merit.

[5] When Uravage entered her plea, she was aware that simple assault carried a maximum sentence of two years' incarceration and a maximum fine of $5,000. N.T. Plea Hearing, 10/27/17, at 1.

[6] In exchange for her plea, the Commonwealth agreed to withdraw disorderly conduct charges, 18 Pa.C.S. § 5503(a)(4), filed against Uravage.

(7th Ed., Amend. 3). The trial court imposed a four-to-twenty-month sentence of incarceration, with fifty-three days' credit for time served, and mandated anger management and drug and alcohol evaluations. N.T. Sentencing Hearing, 11/21/17, at 9.[7] Uravage was also ordered to avoid contact with the victim or the victim's family. *Id.*

Uravage filed a motion to modify sentence on November 29, 2017, claiming that the sentencing judge did not take the following mitigating circumstances into consideration: 1) her prior record score of zero; 2) that she has two children; and 3) that she is a lifelong resident of Luzerne County. The court denied the motion on January 9, 2018. This timely appeal followed.

As counsel has filed an *Anders* brief, this Court may not review the underlying merits without first ruling on the request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc) (citing *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005)).

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

---

[7] The court also denied defense counsel's request for work-release eligibility. N.T. Sentencing Hearing, 11/21/17, at 10.

*Commonwealth v. Santiago*, 987 A.2d 349, 351 (Pa. 2009). Once the above-stated requirements have been satisfied, this Court must also conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

We conclude that counsel has satisfied the procedural requirements for withdrawal under the mandates of *Anders*/*Santiago*. Counsel stated he made a conscientious review of the record, has determined there are no non-frivolous issues to be litigated, and has explained why the issue Uravage raised is meritless. Counsel has notified Uravage of his determination, as well as of his intent to file an *Anders* brief, and of her right to obtain private counsel and to file a responsive brief.[8] Thus, we will now conduct our own review of the proceedings to determine, independently, whether the appeal is, in fact, wholly frivolous. *Wright*, *supra*.

Uravage raises the following issue for our consideration: "Whether imposing a 4 month to 20 month sentence in a county facility is harsh and excessive where the sentence imposed was at the highest end of the aggravated range of the sentencing guidelines." Appellant's Brief at 2.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super.

---

[8] Uravage did not file a response to counsel's *Anders* petition.

- 4 -

2014). An appellant must satisfy the following four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Uravage raised her claim in a timely petition to reconsider sentence and also filed a timely notice of appeal. She has also included a separate Pa.R.A.P 2119(f) statement in her brief. Lastly, this Court must assess whether Uravage raised a substantial question to invoke our review, and we conclude she has. *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) ("imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question") (citation omitted).

A defendant's sentence will not be disturbed on appeal "absent a manifest abuse of discretion." *Commonwealth v. Reyes*, 853 A.2d 1052, 1055 (Pa. Super. 2004). The sentencing judge will not be found to have abused his or her discretion unless, "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias, or ill-will." *Id.* Moreover, "[t]he sentencing court's discretion should not be disturbed" if the decision-making process is "fully informed by [a] pre-

sentence report." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). While the sentencing court must state its reasons for the sentence on the record, that requirement can be satisfied by indicating, on the record, that "he or she has been informed by the pre-sentencing report[,] thus properly considering and weighing all relevant factors." **Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004). Moreover, we must "presume . . . the weighing process took place in a meaningful fashion" when "it can be demonstrated that the judge had any degree of awareness of the sentencing considerations." **Devers**, **supra** at 102.

After a review of the record and, in particular, the sentencing transcript, we conclude that Uravage's claim is devoid of merit and that the sentencing judge acted well within his discretion. First, the court justified its aggravated-range sentence by noting the following on the record: 1) "this was an unprovoked attack upon a young victim[;]" 2) Uravage displayed "zero remorse for her actions[;]"[9] and 3) Uravage "presented a danger to the community[.]" N.T. Sentencing Hearing, 11/21/17, at 8–9. Second, in crafting Uravage's sentence, the judge explicitly stated that he considered mitigating factors, including a character reference letter submitted by a former

---

[9] Uravage attempted to apologize to the victim in court, but after the victim's mother testified to Uravage's behavior following the assault, the judge expressed disappointment in Uravage's continued confrontational posture. N.T. Sentencing Hearing, 11/21/17, at 6–9.

- 6 -

coworker, and the statements Uravage made on her own behalf. *Id.* at 2–3. Third, because the sentencing judge stated on the record that he relied on a PSI when fashioning Uravage's sentence, we presume that he considered relevant factors, including mitigating circumstances, and weighed those in a meaningful fashion. *Boyer*, *supra* at 154. Finally, Uravage's claim that the court failed to consider her PRS of zero is moot where the Sentencing Guidelines fully take into account the presence or absence of prior criminal convictions. *Commonwealth v. Duffy*, 491 A.2d 230 (Pa. Super. 1985). Accordingly, we find that the trial court's sentence was not an abuse of discretion and affirm Uravage's judgment of sentence.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2018