J-A13025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM A. BEERS | : | |
| | : | |
| Appellant | : | No. 1208 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 2, 2022
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000512-2020

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:      **FILED: JULY 10, 2023**

William A. Beers appeals from the judgment of sentence, entered in the Court of Common Pleas of Columbia County, following his hybrid guilty plea to one count each of indecent assault[1] and endangering the welfare of a child.[2] After careful review, we affirm.

Beers was charged with the above-mentioned offenses in relation to repeated sexual contact with his minor daughter.  On March 8, 2022, Beers, represented by plea counsel, entered into a hybrid guilty plea, in which Beers agreed to plead guilty to the above-mentioned offenses, and, in exchange,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(2).

[2] *Id.* at § 4304(a)(1).

the Commonwealth would not oppose a prison sentence at the county jail. The trial court accepted Beers' guilty plea and deferred sentencing.

On June 2, 2022, following a hearing, the court sentenced Beers to a period of 16 to 60 months in prison on each charge. The court imposed Beers' sentences consecutively, resulting in a 32 to 120 month period of incarceration at a state correctional institution. The trial court credited Beers with 717 days of time served. Additionally, the trial court directed that Beers register as a sex offender for 25 years and determined that Beers was not a sexually violent predator.

On June 15, 2022, the trial court appointed new counsel and gave new counsel 15 days to file a post-sentence motion on Beers' behalf. **See** Order, 6/15/22. Counsel filed a post-sentence motion on June 27, 2022. On August 4, 2022, the trial court conducted a hearing on Beers' post-sentence motion. On August 11, 2022, the trial court denied Beers' post-sentence motion. On August 29, 2022, Beers filed a timely notice of appeal to this Court.[3] Both Beers and the trial court have complied with Pa.R.A.P. 1925.

Beers now raises the following claims for our review:

---

[3] Beers' post-sentence motion was not filed within the 10-day limit prescribed by Pa.R.Crim.P. 720(A)(1). However, the trial court granted Beers express permission to file a *nunc pro tunc* post-sentence motion within 30 days of the imposition of his sentence. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (time for filing notice of appeal tolled where trial court expressly granted filing of *nunc pro tunc* post-sentence motion within 30 days of imposition of sentence). Accordingly, Beers' *nunc pro tunc* post-sentence motion is timely, and, consequently, his notice of appeal, filed within 30 days of the trial court's ruling on that post-sentence motion, is timely as well.

1. Whether the [c]ourt erred as a matter of law in denying [] Beers relief after the [c]ourt refused to follow the parties' sentencing suggestion and the parties' agreement was silent as to a remedy if the [c]ourt did not following the parties' sentencing suggestion, but expressly included a term that if the [c]ourt did not accept the plea agreement, he may withdraw his plea?

2. Did the ambiguity of the plea preclude the plea from being knowingly or intelligently entered?

Brief for Appellant, at 3.

Both of Beers' arguments on appeal rest on the contention that he and the Commonwealth had a sentencing agreement to a local sentence. Beers cites to **Commonwealth v. Porreca**, 595 A.2d 23 (Pa. 1991),[4] and asserts that it permits Beers to withdraw his guilty plea. We disagree.

Beers' claim is belied by the record. As the trial court notes in its opinion, the Commonwealth agreed **not to oppose** a local sentence. **See** Trial Court Opinion, 9/21/22, at 2; **see also** Written Guilty Plea Colloquy, 3/8/22, at 1 ("Terms of guilty plea if any: open, *nolle pros* remaining charges Commonwealth ~~agrees to a~~ does not oppose a local sentence.") (strikethrough in original). At the guilty plea hearing, the trial court conducted an oral colloquy, at which time the court asked Beers: "[T]he Commonwealth does not oppose a local sentence, **but that would be up to me, the [c]ourt** . . .

---

[4] In **Porreca**, the parties had reached an agreement to a county sentence. **See id.** at 26. Our Supreme Court held that because the defendant had signed a waiver that expressly prohibited withdrawal of his guilty plea on that ground, the defendant was not entitled to withdraw his guilty plea where the trial court did not follow the parties' sentencing recommendation. **See id.**

[d]o you understand that?" Guilty Plea Hearing, 3/8/22, at 7 (emphasis added). Beers answered "Yes, sir." *Id.*

Upon our review of the record, it is clear to this Court that the Commonwealth did not agree to a local sentence and made no such recommendation to the trial court. Indeed, an agreement **not to oppose** a sentence is not the same as agreeing to a specific sentence. Rather, as made clear by the trial court, and expressly understood by Beers, at the guilty plea hearing, the sentence was solely within the trial court's discretion. *See* Guilty Plea Hearing, 3/8/22, at 7. Therefore, the holding in *Porreca* is inapplicable and the trial court's imposition of a state sentence is not a reason to permit Beers to withdraw his guilty plea. *See Commonwealth v. Diehl*, 61 A.3d 265, 271-72 (Pa. Super. 2013) ("dissatisfaction with a sentence alone is not a basis for plea withdrawal"). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2023

- 4 -