J-S79019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS RODRIGUEZ | : | |
| | : | |
| | : | No. 2326 EDA 2017 |

Appeal from the Judgment of Sentence May 3, 2016
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0004038-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 13, 2018**

Alexis Rodriguez appeals, *nunc pro tunc*, from his judgment of sentence, entered in the Court of Common Pleas of Northampton County, after he entered a plea of *nolo contendere* to one count of aggravated assault.[1]  Upon review, we affirm.

On August 11 and 12, 2015, Rodriguez repeatedly punched and kicked his roommate and paramour, Cathleen Baum, in her head, causing her to suffer a four-millimeter-thick subdural hematoma, or "brain bleed," from which she will likely suffer lifelong consequences, including memory problems, vertigo, nausea, and partial blindness.  Rodriguez was initially charged with aggravated assault, simple assault, recklessly endangering another person, and harassment.  On the day his trial was scheduled, May 3, 2016, Rodriguez

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

entered a plea of *nolo contendere* to aggravated assault and the Commonwealth agreed to drop the remaining charges. There was no agreement as to sentencing. Through counsel, Rodriguez waived a pre-sentence investigation ("PSI") and was sentenced immediately to 36 to 240 months of incarceration. On May 5, 2016, Rodriguez filed post-sentence motions to invalidate his plea and reconsider his sentence, both of which the court denied after oral argument.

On July 8, 2016, Rodriguez filed a notice of appeal to this Court. Due to deficiencies in Rodriguez's counseled brief, we dismissed his appeal. On April 25, 2017, Rodriguez filed a *pro* se petition under the Post Conviction Relief Act.[2] The PCRA court appointed counsel, who filed an amended petition alleging ineffectiveness of appellate counsel. On June 26, 2017, the PCRA court granted Rodriguez relief and reinstated his appellate rights, *nunc pro tunc*. This timely *nunc pro tunc* appeal follows, in which Rodriguez raises the following issues for our review:

1. Whether [Rodriguez's] plea was knowing, intelligent, and voluntary?

2. Whether [Rodriguez's] sentence of 3 years to 20 years constitutes a manifest abuse of discretion where the court failed to formulate his sentence as required by . . . 42 Pa.C.S.A. § 9721(b)[,] where no [PSI] was ordered; [. . . 42 Pa.C.S.A. § 9731]; and no consideration of the particular circumstances, character and rehabilitative needs of [Rodriguez] were detailed in the court's sentencing determination?

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

3. Whether [Rodriguez's] sentence of 3 years['] to 20 years['] incarceration violates the general sentencing provisions of . . . 42 Pa.C.S.A. § 9756(b) where [Rodriguez's] maximum sentence is 6.67 times the minimum?

Brief of Appellant, at 3 (reordered for ease of disposition).

Rodriguez first claims that his *nolo contendere* plea was invalid, in that it was not entered knowingly, intelligently and voluntarily. In particular, Rodriguez claims that the following factors affected the validity of his plea: (1) over the two days prior to his plea, he had been placed in a behavioral housing unit as a result of his bi-polar disorder; (2) while in the behavioral housing unit, he was "cut off from the support of his family and was unable to discuss the relative merits of proceeding to trial" with them, **see** Brief of Appellant, at 16; (3) he entered a plea in the hope that he would be released from prison before his terminally-ill mother died; (4) he was afraid of the effect the stress of seeing him on trial would have on his mother; (5) he was being physically assaulted and threatened by other inmates, whom he believed had been contacted by the victim's family and falsely informed that Rodriguez had been arrested for sexually assaulting a minor; (6) he believed that by entering a plea, he could prove that he didn't sexually abuse a minor; (7) he entered his plea less than two hours after learning the Commonwealth would be permitted to introduce evidence related to an incident that occurred nearly two years prior to the incidents that led to his arrest. As a result, Rodriguez claims that manifest injustice would result if his plea were allowed to stand. Rodriguez is entitled to no relief.

We begin by noting that, when reviewing a trial court's denial of a motion to withdraw a guilty plea, we will not disturb the court's decision absent an abuse of discretion. ***Commonwealth v. Miller***, 748 A.2d 733, 735 (Pa. Super. 2000).

> "[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." [] ***Miller***, 748 A.2d [at] 735 [] (citing ***Commonwealth v. Boatwright***, [] 590 A.2d 15, 19 ([Pa. Super.] 1991)). Thus, as with a guilty plea, in order for a defendant to prevail on a post sentence motion to withdraw a plea of *nolo contendere*, requires that the defendant demonstrate manifest injustice. ***Commonwealth v. Jefferson***, 777 A.2d 1104, 1107 (Pa. Super. 2001). Manifest injustice can be shown if the defendant establishes that he or she did not tender the plea voluntarily. ***Id.***

***Commonwealth v. Lewis***, 791 A.2d 1227, 1230–31 (Pa. Super. 2002).

Pennsylvania Rule of Criminal Procedure 590 governs the entry of pleas of guilty and *nolo contendere* and provides, in relevant part, as follows:

(A) Generally

(1) Pleas shall be taken in open court.

(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3) The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

(B) Plea Agreements

(1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement,

> unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record in camera and the record sealed.
>
> (2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590. In order to ensure that a plea of *nolo contendere* has been tendered knowingly and voluntarily, the trial judge must inquire, at a minimum, into the following six areas:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

A court is free to consider the totality of the circumstances surrounding the plea. ***Commonwealth v. Allen***, 732 A.2d 582, 588–89 (Pa. 1999). In doing so, a trial court may consider a wide array of relevant evidence including, but not limited to, transcripts from other proceedings, off-the-

record communications with counsel, and written plea agreements. *Id.* at 589. Moreover, it is well settled that a criminal defendant who elects to plead guilty has a duty to answer questions truthfully. ***Commonwealth v. Myers***, 642 A.2d 1103, 1107 (Pa. Super. 1994), citing ***Commonwealth v. Cappelli***, 489 A.2d 813, 819 (Pa. Super. 1985) (en banc). Therefore, "[a] defendant will not be permitted to postpone the final disposition of his case by lying to the court concerning his culpability and thereafter withdraw his plea of guilty by contradicting his prior testimony and asserting innocence." ***Id.***, quoting ***Commonwealth v. Cole***, 564 A.2d 203, 206 (Pa. Super. 1989) (en banc). The mere fact that a defendant was "under pressure" at the time he entered a guilty plea will not invalidate the plea, absent proof that he was incompetent at the time the plea was entered. ***Commonwealth v. Egan***, 469 A.2d 186, 189 (Pa. Super. 1983) (en banc).

Here, Rodriguez's claims on appeal contradict his own written and oral assertions made at the time he entered his plea. Rodriguez signed an extensive written plea colloquy in which he acknowledged the voluntariness of his plea and his understanding of the rights he was waiving. While Rodriguez acknowledged that he suffered from bipolar disorder, he specifically denied that he was currently being treated for a mental illness, or that a mental illness would affect his ability to understand his rights or impact the voluntary nature of his plea. To the contrary, Rodriguez affirmed that he was entering into the plea of his own free will.

The court also conducted an extensive oral colloquy with Rodriguez in which he acknowledged having had "ample opportunity" to discuss the plea with his counsel and that he understood everything in the written colloquy. *See* N.T. Sentencing, 5/3/16, at 2-3. The court advised him of the maximum penalty for aggravated assault and Rodriguez acknowledged that the court had not agreed to any particular sentence. The court also confirmed that Rodriguez understood the nature of the charges to which he was pleading *nolo contendere*, the factual basis for his plea, his right to a trial by jury, and the presumption of innocence. In sum, the court discharged its obligation to ensure a knowing, voluntary and intelligent plea pursuant to Rule 590. Rodriguez's subsequent dissatisfaction with his sentence does not retroactively invalidate a plea he entered knowingly and of his own free will. Moreover, while the factors he raises, such as his mother's illness, may certainly have influenced his decision to plead *nolo contendere*, they do not establish the manifest injustice required to prevail on a post-sentence motion to withdraw. *Lewis*, *supra*. As our Supreme Court has noted, "[a] defendant may [enter a plea] for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs." *Commonwealth v. Anthony*, 475 A.2d 1303, 1307 (Pa. 1984). So long as he does so intelligently and of his own free will, the plea will stand. Because Rodriguez has failed to establish that his plea was not entered voluntarily and knowingly, he is entitled to no relief.

Rodriguez's final two claims concern the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. ***Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.***, quoting ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Rodriguez filed a post-sentence motion raising his sentencing claim, followed by a timely notice of appeal, *nunc pro tunc*, to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must now determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were

either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Rule 2119(f) statement, Rodriguez asserts that the sentencing court failed to state its reasons on the record, did not order a PSI, and "focused almost entirely on the egregious conduct of [the d]efendant as well as the seriousness of the injury suffered by the victim." Brief of Appellant, at 10. Accordingly, Rodriguez argues, the court failed to comply with 42 Pa.C.S.A. § 9721(b).[3] Rodriguez also asserts that the court violated the general

---

[3] Section 9721(b) requires, in relevant part, as follows:

> (b) General standards.--In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing[.] In every case in which the court imposes a sentence for a felony or misdemeanor, . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

sentencing provisions of 42 Pa.C.S.A. § 9756(b),[4] where his maximum sentence is 6.67 times his minimum.

We have previously held that a claim that the sentencing court failed to state adequate reasons on the record for the sentence imposed presents a substantial question. *See Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa. Super. 2000). Moreover, where a sentencing court fails to consider all relevant factors, but instead bases its sentence wholly upon the seriousness of the offense, a substantial question is raised. *Commonwealth v. Lawrence*, 960 A.2d 473 (Pa. Super. 2008); *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007). Finally, we have previously found a challenge to a maximum sentence raises a substantial question where the appellant alleged that the sentencing court failed to take his rehabilitative needs into consideration and that the sentence was disproportionate to the circumstances when adjudged as a whole. *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011). Accordingly, we will address the merits of Rodriguez's claims.

Our review of the discretionary aspects of a sentence are statutorily constrained. Section 9781 of the Sentencing Code provides, in relevant part:

> c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

---

[4] Section 9756(b) provides that "[t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b).

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
>
> (d) Review of record.—In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c)-(d).

Where an appellant is sentenced within the guidelines, we may reverse only if application of the guidelines is clearly unreasonable. **_Commonwealth v. Macias_**, 968 A.2d 773, 777 (Pa. Super. 2009). The term "unreasonable," while not defined in the Sentencing Code, generally means a decision that is either irrational or not guided by sound judgment. **_Id._**

Here, Rodriguez was convicted of aggravated assault, serious bodily injury, as a felony of the first degree, which carries an offense gravity score of 11. Rodriguez's prior record score was 0. Accordingly, the standard guidelines sentencing range was 36 to 54 months. The court sentenced

Rodriguez to 36 to 240 months' incarceration. Thus, although Rodriguez's maximum sentence is the statutory maximum, his minimum sentence actually falls at the very bottom end of the standard range of the guidelines. Nevertheless, such a sentence may be vacated where, based on the circumstances of the case, it is clearly unreasonable. *See Coulverson*, 34 A.3d at 146.

We begin by observing that, although Rodriguez complains that the sentencing court was not in possession of a PSI, Rodriguez opted to waive the preparation of a PSI in favor of proceeding immediately to sentencing after entering his plea. Moreover, Rodriguez did not raise a claim regarding the absence of a PSI in his post-sentence motion. Accordingly, Rodriguez has failed to preserve any claim with respect to the court's failure to order a PSI. *See Commonwealth v. Schmidt*, 165 A.3d 1002, 1007 (Pa. Super. 2017) (sentencing claim waived where not set forth in, or fairly suggested by, post-sentence motion). We further note that the argument portion of Rodriguez's brief addressing his sentencing claims consists of fewer than 2½ pages and focuses heavily on the absence of a PSI, which he has waived, as well as a case which is inapposite.[5] "[I]t is a well settled principle of appellate

_____

[5] Rodriguez cites our decision in *Commonwealth v. Edwards*, 906 A.2d 1225 (Pa. Super. 2006), and argues that it supports his claim that a maximum sentence of 6.67 times the minimum "raises an issue of arguable merit." Brief of Appellant, at 14. We do not disagree and, indeed, have concluded that Rodriguez's claim is of arguable merit such that it warrants appellate review. However, in order to obtain ultimate relief, Rodriguez's claim must possess

jurisprudence that undeveloped claims are waived and unreviewable on appeal." ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) Nevertheless, we decline to find waiver and proceed to address Rodriguez's sentencing claim.

Rodriguez claims that the court failed to state adequate reasons for its sentence and focused almost entirely on his conduct and the injuries to the victim and, in imposing the statutory maximum as his maximum sentence, imposed an excessive sentence. Based upon our review of the record as a whole, we disagree.

As noted ***supra***, Rodriguez waived the preparation of a PSI. However, at sentencing, his counsel familiarized the court with Rodriguez's relevant background information, including his lack of a prior record, the fact that he has five children, two of whom are minors, and the fact that he was the primary caretaker for his ill parents. In addition, the court afforded Rodriguez the opportunity to make a statement on his own behalf. Rodriguez allocated as follows:

> THE DEFENDANT: I'd like to say that all I ever did was try to raise that family Christ like. I always took them to church. I raised the kids like they were my own. I never had any problems with any of them.
>
> What bothers me is I love the Lord so much, and my only guilt is the fact that I love Jesus so much I took [the victim] from the street. She was out on the street when I met her. She had two

---

more than "arguable merit." Thus, ***Edwards*** is of no assistance to Rodriguez in convincing this Court that he is entitled to vacatur of his sentence as excessive.

- 13 -

kids out there. They came and lived with me. I worked at the soup kitchen. And this is what I get for helping somebody out there that has nobody. She was with me because of the problems that were happening out there on the street from her.

She was on drugs. I tried to help her. I did everything possible for this person and I failed. I'm sorry. I did. Because I love Jesus so much. She had nobody before I met her. Not even her mom helped her move. I didn't know the girl when she knocked on my door with two children. I felt so bad. Why would these two children be in the middle of Allentown? I live in Whitehall. I just wanted to give her a chance. She was never given a chance.

If you heard the stories that she was raised up with being with her family you would be horrified. Her mother put her through so much, and I believe that that letter she has right there was written for this the fact to keep me – I'm the one that took her to get help. She said, Alexis, I love you for getting me help, for putting her into rehab. She never got a chance. All those years she was on drugs she never had a chance to go to rehab. I'm the one that took her to the hospital.

Why would I take her to the hospital if I had anything to do with it? I was trying to get her help because every time she went back with her mother she'd come back to me hurt. It is wrong because all I was doing was taking care of my mom and dad. This is so unfair to be put on the spot. I'm getting long in jail because I don't want to see my mom die without me. That's all.

N.T. Sentencing, 5/3/16, at 18-20.

In imposing sentence, the court "took into account the sentencing guidelines, [Rodriguez's] prior record score of zero, the effect upon the victim and the community, [Rodriguez's] rehabilitative needs, and other relevant factors including [Rodriguez's] willingness to accept responsibility, or perhaps more accurately, his unwillingness to accept responsibility." Trial Court Opinion, 8/17/16, at 12. The court was particularly distressed by Rodriguez's statement during allocution, which the court characterized as "[taking] the opportunity to disparage the victim and her family" and "express[ing]

- 14 -

sympathy for only himself," a description we do not find to be inapt. *Id.* at 14. The court also noted Rodriguez's unwillingness to take responsibility for his actions. While the severity of the crime and its impact on the victim, as well as upon Rodriguez's family, were important components of the trial court's ultimate sentencing determination,[6] under the totality of the circumstances, we do not conclude that a maximum sentence of 240 months is "clearly unreasonable." *See* 42 Pa.C.S.A. § 9781(c). Rather, the record as a whole reflects due consideration by the court of the statutory considerations enunciated in section 9721(b). Accordingly, we find no abuse of discretion on the part of the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/18

---

[6] Prior to imposing sentence, the court noted the fact that the victim suffered a stress-related medical emergency while in the courtroom waiting to read her victim impact statement. *See* N.T. Sentencing, 5/3/16, at 23. In its opinion, the court also stated that it had "observed [Rodriguez] menace the victim in the courtroom by staring at her." Trial Court Opinion, 8/17/16, at 13 n.9.