**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Lawrence JEFFERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 2001.
Filed May 11, 2001.

John Packel, Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for the Com.

Before CAVANAUGH, TODD and OLSZEWSKI, JJ.

TODD, J.:

¶ 1 Lawrence Jefferson appeals the May 13, 1999 Judgment of Sentence of 12½ to 25 years imprisonment imposed by the trial court following his plea of *nolo contendere* to charges that he raped and corrupted the morals of his nine-year-old daughter. We affirm.

¶ 2 On February 8, 1999, Jefferson pled *nolo contendere* to Rape[1] and Corruption of the Morals of a Minor.[2] Jefferson and the Commonwealth negotiated a plea whereby the Commonwealth agreed to recommend a sentence of three to twelve years incarceration, with credit for time served. The trial judge, the Honorable Renee Cardwell Hughes, advised Jefferson at the time of his plea and sentencing that

although such recommendations are not binding on the court, they carried great weight with her, and that if she did not accept the recommendation, she would allow Jefferson to withdraw his guilty plea. (N.T. Plea and Sentencing, 2/8/99, at 5.) At Jefferson's request, Judge Hughes granted him three days to put his affairs in order, and agreed to impose the recommended sentence provided Jefferson submitted himself to the court's custody on February 11, 1999. Jefferson failed to appear on February 11, 1999 as required, and the court entered a bench warrant for his arrest. Jefferson was arrested for another crime several months later. Subsequently, based on Jefferson's violation of his agreement to appear in court on February 11, 1999, Judge Hughes sentenced him to ten to twenty years imprisonment for the rape, and a consecutive term of two and one-half to five years imprisonment for corrupting the morals of a minor, the charges to which Jefferson had previously pleaded *nolo contendere*. Thereafter, Jefferson filed an untimely motion to withdraw his plea of *nolo contendere*, which the trial court denied on the merits. This appeal followed.

¶ 3 As his basis for appeal, Jefferson alleges that the trial court erred in denying his motion to withdraw his plea of *nolo contendere* after the trial judge failed to impose the negotiated sentence, and that trial counsel was ineffective in failing to file a motion to withdraw Jefferson's plea within ten days of sentencing.

■■■■ ¶ 4 We will first address Jefferson's ineffectiveness claim. In order to prevail on a claim alleging counsel's ineffectiveness, an appellant "must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of

---

**1.** 18 Pa.C.S.A. § 3121.

**2.** 18 Pa.C.S.A. § 6301.

conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." *See Commonwealth v. Wallace*, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999). If it is clear that an appellant has failed to meet the prejudice prong, his claim of ineffectiveness may be dismissed on that basis alone. *Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995). In the instant case, despite counsel's failure to file Jefferson's motion to withdraw his plea of *nolo contendere* in a timely manner, the trial court nonetheless considered the motion on the merits. Jefferson, therefore, was not prejudiced by trial counsel's failure to file the motion in a timely manner, and his claim that counsel was ineffective necessarily fails.

¶ 5 With regard to Jefferson's claim that the trial court erred in failing to allow him to withdraw his plea of *nolo contendere* after the trial judge failed to sentence him in accordance with the negotiated sentence, we reiterate:

> no plea agreement exists unless and until it is presented to the court. Our Supreme Court has also held that "[w]here a plea agreement has been *entered of record* and has been *accepted* by the trial court, the [Commonwealth] is required to abide by the terms of the plea agreement." ... "However, prior to the *entry* of a guilty plea, the defendant has no right to specific performance of an 'executory' agreement."

*Commonwealth v. McElroy*, 445 Pa.Super. 336, 665 A.2d 813, 816 (1995) (citations omitted). The only plea agreement that was accepted by the trial court, and to which Jefferson may have been entitled to performance, called for a sentence of three to twelve years imprisonment, provided Jefferson presented himself to the court on

February 11, 1999. Obviously, Jefferson failed to do so. He cannot, therefore, now claim that the trial court erred in failing to impose the negotiated sentence.

¶ 6 With respect to Jefferson's assertion that he should have been permitted to withdraw his plea of *nolo contendere*, "it is firmly established that the standard for granting a post-sentence petition to withdraw a guilty plea[3] requires a showing in the order of 'manifest injustice.' A showing of 'manifest injustice' would occur when the criminally accused demonstrates that the plea was not voluntary." *Commonwealth v. Moore*, 321 Pa.Super. 442, 468 A.2d 791, 796 (1983) (citations omitted).

¶ 7 In determining whether a plea is entered voluntarily and understandingly, a trial court must conduct an inquiry, on the record, which at a minimum addresses the following six issues: 1) whether the defendant understands the nature of the charges to which he is pleading guilty; 2) whether there is a factual basis for the plea; 3) whether the defendant understands that he has a right to a jury trial; 4) whether the defendant understands that he is presumed innocent until found guilty; 5) whether the defendant is aware of the permissible range of sentences for the offenses charged; and 6) whether the defendant is aware that the judge is not bound by the terms of the plea agreement unless he or she accepts the agreement. *Commonwealth v. Harvey*, 407 Pa.Super. 545, 595 A.2d 1280, 1283 (1991). Moreover, when a plea of *nolo contendere* includes a plea agreement, the judge must conduct a separate inquiry on the record to determine whether the defendant understands and accepts the terms

---

3. In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v. Miller*, 748 A.2d 733, 735 (Pa.Super.2000).

of the plea agreement. *Commonwealth v. Porreca*, 528 Pa. 46, 595 A.2d 23 (1991).

¶ 8 Jefferson's assertion that he did not voluntarily and understandingly plead *nolo contendere* to the charges against him is disingenuous. Our review of the transcript of Jefferson's *nolo contendere* plea and sentencing reveals that the trial court confirmed that Jefferson understood the charges to which he was pleading (N.T. Plea and Sentencing, 2/8/99, at 2–3, 7); that there was a factual basis for the plea (*id.*, at 10–11); that Jefferson understood that he had a constitutional right to a jury trial (*id.*, at 4, 7); that Jefferson understood that if he elected to proceed to trial, the Commonwealth would have to present evidence to prove to the court or jury that he was guilty beyond a reasonable doubt (*id.*); that Jefferson was aware of the range of permissible sentences for the crimes charged (*id.*, at 3, 7); and that the judge would not be bound by the terms of the plea agreement unless she chose to accept it. (*Id.*, at 5.)

¶ 9 Furthermore, the transcript reveals that the trial judge conducted an extensive inquiry to insure that Jefferson understood and accepted the terms of the plea agreement:

> THE COURT: Mr. Jefferson, as I mentioned to you a while ago, the attorneys have negotiated a sentence for you of three to 12 years with credit for time served. . . .
> Now, Mr. Jefferson, the other thing that you need to know is that although this is the sentence and I will allow you to turn yourself in on Thursday, if you are not here Thursday at 9 o'clock, all bets are off. All right, and the negotiation will not be honored. Do you understand?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And we talked about the maximum penalties for the case. All right?

> THE DEFENDANT: Yes, ma'am.
> THE COURT: Exactly. That's what you would be looking at if you're not here Thursday at 9 o'clock.
> THE DEFENDANT: Yes, ma'am.

(*Id.* at 31–32.)

¶ 10 Following our review of the record, we conclude that Jefferson has failed to demonstrate that his plea was not tendered voluntarily, and, therefore, that he did not establish the manifest injustice necessary for the post-sentence withdrawal of his plea of *nolo contendere*. Accordingly, we hold the trial court did not err in denying Jefferson's motion to withdraw his plea of *nolo contendere* and we affirm the trial court's judgment of sentence.

¶ 11 Judgment of sentence affirmed.