J. S25012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LAURENCE SIGECAN, | : | No. 819 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 7, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0010683-2014,
CP-02-CR-0015850-2014

BEFORE: FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              **FILED APRIL 15, 2016**

Laurence Sigecan appeals the judgment of sentence entered by the Court of Common Pleas of Allegheny County that sentenced him to an aggregate term of three years' probation following his ***nolo contendere*** plea to terroristic threats with intent to terrorize another, resisting arrest, making a false report, tampering with or fabricating physical evidence, and obstructing the administration of law.[1]

On May 14, 2014, the Shaler Police Department contacted the Green Tree Borough Police Department ("Department") and asked for assistance in the service of a warrant on appellant who resided at 48 Robinhood Road in

---

[1] 18 Pa.C.S.A. § 2706(a)(1), 18 Pa.C.S.A. § 5104, 18 Pa.C.S.A. § 4906(a), 18 Pa.C.S.A. § 4910(1), and 18 Pa.C.S.A. § 5101, respectively.

Green Tree. Lieutenant Rannigan ("Lt. Rannigan") of the Department went to appellant's residence. Lt. Rannigan informed appellant of the outstanding arrest warrant and placed appellant in custody. When appellant was taken outside his residence, he became rigid, gritted his teeth, and stared at Lt. Rannigan. Appellant "chest bumped" Lieutenant Rannigan and began to push him with his body. Appellant resisted Lt. Rannigan's efforts to get him in the police car. Appellant started shouting profanities at Lt. Rannigan and told him that once he got the handcuffs off, he "was going to get him." (*Nolo contendere* plea/sentencing hearing, 4/7/15 at 3-4.)

On June 11, 2014, appellant entered the Department in order to file a criminal complaint against Lt. Rannigan. Appellant alleged that Lt. Rannigan assaulted him on the day of the arrest. Appellant gave Department Chief Downey photographs of his injuries allegedly caused by Lt. Rannigan. Appellant asserted that Lt. Rannigan threw him to the ground while appellant was handcuffed and then stomped on his back and his handcuffs which caused injuries. On June 23, 2014, appellant submitted a written complaint to the Department and requested an investigation. (*Id.* at 6-7.)

Chief Downey's investigation included a viewing of video footage from the Allegheny County Jail on May 15, 2014, the night of the arrest, which showed appellant removing a credit card from his pocket and then cutting his wrist with a slicing motion which allegedly caused the injury depicted in the photographs. (*Id.* at 7.)

J. S25012/16

On October 15, 2014, Allegheny County Detective James Smith ("Detective Smith") interviewed appellant who showed Detective Smith the same photographs that he presented to Chief Downey. When confronted with the video from the county jail, appellant changed his story and stated that Lt. Rannigan did not throw him to the ground and did not stomp on his back or his wrists when the handcuffs were on. He also denied cutting himself with the credit card. (*Id.* at 7-8.)

Appellant was charged with aggravated assault (18 Pa.C.S.A. § 2702(a)(3)), terroristic threats, resisting arrest, harassment (18 Pa.C.S.A. § 2709(a)(1)), and disorderly conduct (18 Pa.C.S.A. § 5503(a)(1)) for the incident with Lt. Rannigan. He was also charged with false reports to law enforcement, tampering with/fabricating physical evidence, and obstructing administration of law.

On April 7, 2015, appellant entered a negotiated *nolo contendere* plea to terroristic threats, resisting arrest, false reports, tampering/fabricating physical evidence, and obstructing administration of law for a probationary sentence. The Commonwealth dropped the aggravated assault charge. For the harassment and disorderly conduct charges, appellant was determined to be guilty without further penalty.

In the written plea colloquy, appellant answered "Yes" to the following questions:

> 6.   Have you discussed with your attorney the elements for each charged offense?

- 3 -

. . . .

7.    Have you discussed with your attorney the factual basis of each charged offense?

. . . .

8.    Have you discussed with your attorney how the facts in your case prove the elements of each charged offense?

. . . .

44.    Have you and your attorney discussed the maximum possible sentences which this Court could impose?

***Nolo contendere***, explanation of defendant's rights, 4/7/15 at 2 and 7, ¶¶ 6-8, and 44.

At the ***nolo contendere*** plea/sentencing hearing on April 7, 2015, the trial court asked appellant and his counsel the following questions:

The Court:  Are you clearheaded today, sir?

The Defendant:  Yes, sir.

The Court:  Have you had enough time to speak with your attorney about the elements of each crime to which you are pleading no contest, the nature of the no-contest plea and your right to have a trial?

The Defendant:  Yes, sir.

The Court:  Are you satisfied with his representation?
The Defendant:  Absolutely.

. . . .

The Court:  I have in front of me a Guilty [sic] plea colloquy.  It bears your signature as well as that of

- 4 -

your attorney. Did you read and understand each question?

The Defendant: Yes, sir.

The Court: Did you answer each question honestly?

The Defendant: Yes, sir.

The Court: Was your attorney available in the event you had any questions about this document or any matter related to this case?

The Defendant: Yes, sir.

The Court: Mr. Bishop,[2] based on your experience and contact with your client, do you believe he understands the elements of each crime, the maximum penalties allowed by law, and that he is otherwise making a knowing, intelligent and voluntary decision to plead guilty [sic]?

Mr. Bishop: Yes, Your Honor.

*Nolo contendere* plea/sentencing hearing, 4/7/15 at 3-4.

The trial court accepted the plea.

On April 17, 2015, appellant moved to withdraw his *nolo contendere* plea:

6. Mr. Sigecan avers that he did not have sufficient time to consider and evaluate his options prior to entering his pleas on April 7, 2015. Specifically, he avers that he did not have sufficient time to fully understand the consequences of a plea of *nolo contendere* and felt pressured by Trial Counsel to enter the pleas.

---

[2] Adam Bishop, Esq., served as appellant's plea counsel.

- 5 -

7. Mr. Sigecan instructed Trial Counsel to file this timely Motion to Withdraw ***Nolo Contendere*** Pleas, asserting that his pleas were not knowingly, intelligently, or voluntarily made.

8. Accordingly, Mr. Sigecan respectfully requests this Honorable Court allow him to withdraw his pleas of ***nolo contendere*** at the above-captioned cases.

Motion to withdraw ***nolo contendere*** pleas, 4/17/15 at 2, ¶¶ 6-8.

On April 24, 2015, the trial court denied the motion to withdraw the ***nolo contendere*** plea. The trial court reasoned:

Here, the Trial Court determined that the totality of the circumstances demonstrated that Appellant's plea was knowingly, intelligently, and voluntarily entered into, to wit: (1) Appellant completed a written and oral plea colloquy; [] (2) Appellant stated that he read and understood each question in the written colloquy, and answered each question honestly; (3) the Commonwealth placed the negotiated plea agreements on the record and Appellant acknowledged that that was his understanding of the agreement; (4) Appellant benefited from the plea agreement by the withdrawal of the aggravated assault charge and the agreement to a sentence of probation; (5) Appellant stated that he was clear-headed, he had enough time to speak with his attorney about the elements of each crime to which he was pleading no contest, and that he was not threatened or promised anything to force him to plead no contest; (6) Appellant's attorney stated that based on his communication with Appellant, he believed that Appellant understood the elements of the crimes, the maximum penalties allowed by law, and that he was making a knowing, voluntary, and intelligent plea of no contest; (7) Appellant apologized for wasting the court's time; and (8) Appellant was sentenced to probation that same day. (Plea Transcript, pp. 2-4, 6, 8-9).

- 6 -

It was only after sentencing that Appellant sought to withdraw his plea. Appellant's disappointment with the sentence does not amount to manifest injustice, and appellant cannot now say that he lied under oath during the written and oral colloquy. Given the totality of the circumstances, it is clear that Appellant was advised by counsel of the elements of each crime, and the maximum penalties allowed by law. The Trial Court properly found that Appellant entered into a voluntary, knowing, and intelligent plea. **See Commonwealth v. Stork**, 737 A.2d 789, 790-792 (Pa.Super. 1999) (affirming denial of motion to withdraw plea because defendant failed to establish manifest injustice and plea was voluntary and knowing based on the totality of the circumstances).

This claim is without merit.

Trial court opinion, 11/17/15 at 7-9.

Appellant raises the following issue before this court:

Did the plea court err in not permitting Mr. Sigecan to withdraw his nolo contendere plea in that his plea was not entered knowingly and voluntarily when he was unaware and did not fully understand the nature of the charges to which he was pleading when the court specifically failed to advise him of all legal elements of the alleged crimes or to inform him of maximum and minimum penalties which was a manifest injustice?

Appellant's brief at 5 (capitalization omitted).

"In terms of its effect upon a case, a plea of **nolo contendere** is treated the same as a guilty plea." **Commonwealth v. Miller**, 748 A.2d 733, 735 (Pa.Super. 2000), citing **Commonwealth v. Boatwright**, 590 A.2d 15, 19 (Pa.Super. 1991). A defendant must demonstrate manifest injustice in order to prevail on a post-sentence motion to withdraw a plea of

*nolo contendere*. *Commonwealth v. Jefferson*, 777 A.2d 1104, 1107 (Pa.Super. 2001). A defendant can establish manifest injustice by showing that he or she did not voluntarily tender the plea. *Id.* However, disappointment by a defendant in the sentence imposed does not constitute manifest injustice. *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002).

Rule 590 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 590 provides in pertinent part:

> **Rule 590. Pleas and Plea Agreement.**
>
> . . . .
> **(B) PLEA AGREEMENTS.**
>
> (1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.
>
> (2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

When a trial court determines whether a plea of ***nolo contendere*** was tendered knowingly and voluntarily, the trial judge must ascertain the answers to the following questions:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or ***nolo contendere***?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment; ***Jefferson***, 777 A.2d at 1107. A court must examine the totality of the circumstances to determine whether a defendant voluntarily entered into a plea. ***Commonwealth v. Allen***, 732 A.2d 582, 588-589 (Pa. 1999). "When reviewing a trial court's denial of a motion to withdraw a plea of [***nolo contendere***], we will not disturb the court's decision absent an abuse of discretion." ***Miller***, 748 A.2d at 735.

> "In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences." ***Commonwealth v. Broadwater***, 330 Pa.Super. 234, 244, 479 A.2d

526, 532 (1984). This determination is to be made "by examining the totality of the circumstances surrounding the entry of the plea." *Id.* Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that this defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Fluharty*, 632 A.2d 312, 314-315 (Pa.Super. 1993) (additional citations omitted).

In *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa.Super. 2005), this court stated, "To summarize, whether a defendant is aware of the nature of the offenses depends on the totality of the circumstances and a plea will not be invalidated premised solely on the plea court's failure to outline the elements of the crime at the oral colloquy."

Appellant contends that the trial court failed to provide him with an understanding of the charges against him because it did not explain to him the elements of the offenses for which he was charged. He asserts that in order to demonstrate his understanding of the charges, the record must reflect that the elements of the crimes were explained to him in understandable terms.

Appellant also asserts that the written colloquy could not be accepted as sufficient to apprise him of the nature of the charges against him because the form was a generic one that contained no specific information concerning his particular situation.

It is undisputed that the trial court did not outline the elements of the crimes to appellant orally at the hearing. However, when the trial court questioned him as to whether he had had time to speak with his attorney concerning the elements of each crime, appellant replied that he had. He further answered that he was "absolutely" satisfied with his counsel's representation. The trial court also asked him whether he read and understood each question in the written colloquy and whether his attorney had been available in the event he had any questions regarding the written colloquy. Appellant answered "yes" to both questions. The trial court also questioned his attorney as to whether appellant understood the elements of each crime, and his attorney answered in the affirmative. (**Nolo contendere** plea/sentencing hearing, 4/7/15 at 3-4.)

Further, in the written colloquy, appellant answered "yes" in response to the questions as to whether he had discussed the elements of each charged offense with his attorney and whether his attorney had discussed with him how the facts in the case proved the elements of each charged offense as well as whether his attorney discussed sentencing options.[3] Given appellant's written answers on the plea colloquy and his statements in open court, it appears that he understood the nature of the plea bargain, the consequences of his plea, the factual evidence which would lead to verdict of

---

[3] At the hearing, the Commonwealth outlined the facts of the case which appellant did not dispute.

- 11 -

J. S25012/16

guilty, as well as the elements of the crimes for which he was charged. Based on the totality of circumstances, this court is satisfied that there was no manifest injustice that resulted in a plea that was involuntary or unknowing even though the trial court did not explain the elements of the crimes to appellant.  *See Morrison*, 878 A.2d at 108.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016

- 12 -