J-S63011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL M. ALLAH | : | |
| | : | |
| Appellant | : | No. 3204 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 17, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0005196-2017

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED JANUARY 10, 2020**

Appellant, Michael M. Allah, appeals from the amended judgment of sentence entered in the Delaware County Court of Common Pleas, following his *nolo contendere* plea to retail theft.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  In 2014, Appellant entered a guilty plea to several offenses at Docket No. 7207-2013, and the court sentenced Appellant to an aggregate term of twelve (12) to thirty-six (36) months' state incarceration, plus two (2) years' probation.  While Appellant was on parole from the judgment of sentence at Docket No. 7207-2013, Appellant shoplifted from a pharmacy on June 22, 2017.  That

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3929(a)(1).

same day, authorities took Appellant into custody. The Commonwealth subsequently charged Appellant with retail theft, theft, and related offenses at Docket No. 5196-2017. On May 8, 2018, Appellant entered a negotiated *nolo contendere* plea to one count of retail theft.

During the *nolo contendere* plea hearing, the Commonwealth set forth the terms of the negotiated plea as follows:

> THE COURT: Because the outstanding offer I believe was 6 to 23 months plus a period of time of probation.
>
> * * *
>
> [COMMONWEALTH]: Correct. And, Judge, I don't think I said it yesterday that [the Commonwealth] would make him reentry-plan-eligible. Regardless, he's got the six months in, but if [the Commonwealth] can make him reentry-plan-eligible, the prison can shave 36 days off of that six months and then add that to his time. And so now, technically, it's only five-month minimum that he would have to have served, and then he could use the balance of the six months that's left toward his retainer.
>
> * * *
>
> [COMMONWEALTH]: Your Honor, after discussions with defense counsel, the Commonwealth's understanding is that [Appellant] is going to enter into a *nolo contendere* plea, a no contest plea to Count 1 of the information charging him with retail theft, graded as a felony of the third degree based upon his criminal history. Based upon the *nolo contendere* plea, the Commonwealth recommended [a] sentence of a period of incarceration in Delaware County Prison, the minimum being six months, the maximum being 23 months. He would be deemed reentry-plan-eligible, including goodtime credit. His credit starts from June 22nd of 2017. Immediate parole is envisioned in this case. I'm going to ask we not put an end date on the 6/22 time frame to allow the prison to calculate his goodtime credit. … So

long as the sentencing sheet reflects goodtime credit, they should calculate a sentence by subtracting six days for every 30 days he served without incident. …

\* \* \*

[COMMONWEALTH]: … As I indicated, the [Pennsylvania Board of Probation and Parole ("PBPP")] has a detainer lodged against [Appellant] for violation of parole and probation. Any time that I believe he served past his minimum on this [judgment of sentence at Docket No. 5196-2017] may be credited towards that, but I leave that to the discretion of the Board. … The balance of this information will be withdrawn. … Those are the terms of the *nolo contendere* negotiated plea.

(N.T. Plea/Sentencing Hearing, 5/8/18, at 4, 17-19). Also on May 8, 2018, the court sentenced Appellant to six (6) to twenty-three (23) months' county incarceration, with credit for time served from June 22, 2017. The May 8th sentencing order noted the court deemed Appellant "good time credit eligible and re-entry plan eligible," but did not reference time served credit applicable to Appellant's parole back time sentence at Docket No. 7207-2013. (Sentencing Order, filed 5/8/18).

Appellant timely filed a motion for reconsideration of sentence on May 16, 2018. In the motion, Appellant averred the May 2018 judgment of sentence did not accurately reflect the terms of his plea agreement with the Commonwealth regarding time-served credit applicable to his back-time at Docket No. 7207-2013. Specifically, Appellant claimed the parties had agreed, *inter alia*, that he would receive credit for time served from November 14, 2017, to May 8, 2018, toward Appellant's parole back time. On September 5,

2018, the court conducted a hearing on Appellant's reconsideration motion, which Appellant attended with counsel. During the hearing, the court accepted for filing from Appellant a supplemental post-sentence motion to withdraw his *nolo contendere* plea. Appellant's grounds for withdrawing his plea were the same as those he asserted in his reconsideration motion: the judgment of sentence did not accurately reflect the plea negotiations regarding credit for time served applying to Appellant's parole back time at Docket No. 7207-2013. Appellant also claimed the PBPP failed to credit him for time served toward the parole back time.

On September 17, 2018, the court granted relief on Appellant's reconsideration motion and entered an amended sentencing order by stipulation of the parties. Per the amended sentencing order, the court sentenced Appellant at Docket No. 5196-2017 to six (6) to twenty-three (23) months' county incarceration, with credit for time served (i) from June 22, 2017, to November 16, 2017, at Docket No. 5196-2017, and (ii) from "November 17, 2017 forward" toward the state parole back time at Docket No. 7207-2013. The court denied Appellant's supplemental post-sentence motion to withdraw his *nolo contendere* plea on October 19, 2018.

On October 25, 2018, Appellant timely filed a *pro se* notice of appeal and requested appointment of appellate counsel. The trial court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant filed none.

- 4 -

On November 27, 2018, the trial court permitted plea counsel to withdraw but did not appoint new counsel. This Court ordered the trial court on January 3, 2019, to assess Appellant's eligibility for appellate counsel and to appoint counsel if the court determined Appellant was entitled to counsel. On January 12, 2019, the trial court appointed appellate counsel, who filed in this Court on July 9, 2019, an application to withdraw as counsel and an **Anders** brief.[2] By order entered July 25, 2019, this Court permitted Appellant to file a response to the **Anders** brief within 30 days; Appellant timely complied *pro se* on Monday, August 26, 2019.

As a prefatory matter, generally, this Court has jurisdiction only over final orders. **Commonwealth v. Rojas**, 874 A.2d 638 (Pa.Super. 2005). "A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). If a defendant in a criminal case files a post-sentence motion, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of all of the post-sentence motions. **Commonwealth v. Borrero**, 692 A.2d 158 (Pa.Super. 1997); Pa.R.Crim.P. 720(A)(2). A defendant wishing to challenge a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. **Commonwealth v.**

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*Lincoln*, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence). A defendant may file a supplemental post-sentence motion, however, at the discretion of the trial judge. Pa.R.Crim.P. 720(B)(1)(b).

Instantly, the court sentenced Appellant on May 8, 2018, and Appellant timely filed a post-sentence motion to reconsider the sentence on May 16, 2018. During September 5, 2018 hearing on Appellant's reconsideration motion, the court accepted for filing Appellant's supplemental post-sentence motion to withdraw his *nolo contendere* plea. **See id.** On September 17, 2018, the court entered an order disposing of Appellant's reconsideration motion and amending the judgment of sentence to reflect credit for time served toward Appellant's back time at Docket No. 7207-2013; Appellant's supplemental post-sentence to withdraw his *nolo contendere* plea remained outstanding until the court denied it on October 19, 2018. Subsequently, Appellant filed a notice of appeal on October 25, 2018. Therefore, Appellant's notice of appeal was timely filed, and we see no jurisdictional impediments to our review. **See Borrero, supra**; Pa.R.A.P. 903(a).

As a second preliminary matter, appellate counsel seeks to withdraw his

- 6 -

representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009).  **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review.  **Santiago, supra** at 173-79, 978 A.2d at 358-61.  Substantial compliance with these requirements is sufficient.  **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief.  To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *    *    *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

_____

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a proper letter explaining Appellant's immediate right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders*

and **Santiago**. Appellant responded *pro se* to counsel's **Anders** brief on August 26, 2019.

Counsel raises the following issue on Appellant's behalf:

WHETHER THE COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS *NOLO CONTENDERE* PLEA AFTER APPELLANT WAS ENTICED INTO ENTERING THE PLEA BY MISINFORMATION CONCERNING HIS CREDIT FOR TIME SERVED ON HIS VIOLATION OF STATE PAROLE[?]

(**Anders** Brief at 3).[4]

Appellant argues the trial court should have granted his motion to

_____

[4] In Appellant's *pro se* response to counsel's petition to withdraw, he asserts appellate counsel's **Anders** brief is deficient. For the reasons discussed regarding appellate counsel's substantial compliance with the technical requirements of **Anders** and **Santiago**, however, Appellant's claim fails. Additionally, Appellant avers plea counsel was ineffective for inducing Appellant into unintelligently and unknowingly entering the *nolo contendere* plea. Appellant, however, did not make a knowing, intelligent, and voluntary waiver of review per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. Absent Appellant's waiver, we refuse to entertain his claims on direct appeal presented under the rubric of ineffective assistance of counsel and defer them instead for review in a timely PCRA petition. **See Commonwealth v. Holmes**, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013); **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002) and its progeny. Appellant also claims the sentencing court lacked authority to sentence him, because it imposed upon Appellant an illegal sentence per 61 Pa.C.S.A. 6138(a)(5)(i). **See** 61 Pa.C.S.A. § 6138(a)(5)(i) (stating: "If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases: (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution"). Section 6138(a)(5)(i) is inapplicable, however, as the September 2018 judgment of sentence grants Appellant credit for time served on his new, county sentence at Docket No. 5196-2017 prior to time-served credit on his parole back time at Docket No. 7207-2013, a state incarceration sentence. Thus, Appellant's sentencing claim fails.

withdraw his *nolo contendere* plea. Appellant contends he did not receive the benefit of the negotiated plea, where the judgment of sentence did not provide Appellant credit for time served toward the parole back-time at Docket No. 7207-2013. We disagree.

There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. ***Commonwealth v. Muhammad***, 794 A.2d 378, 382 (Pa.Super. 2002).

> It is firmly established that the standard for granting a post-sentence petition to withdraw a guilty plea[3] requires a showing in the order of manifest injustice.
>
> > [3] In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. ***Commonwealth v. Miller***, 748 A.2d 733, 735 (Pa.Super. 2000).

***Commonwealth v. Jefferson***, 777 A.2d 1104, 1107 (Pa.Super. 2001) (internal quotation marks omitted). ***See also Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). A manifest injustice occurs when a plea is not tendered knowingly, intelligently, and voluntarily. ***Commonwealth v. Gunter***, 565 Pa. 79, 84, 771 A.2d 767, 771 (2001). Mere disappointment in a sentence, however, does not constitute a manifest injustice. ***See Pollard, supra***. ***See also Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa.Super. 2002) (stating courts try to discourage entry of plea as sentence-testing device).

Instantly, in its opinion, the trial court addressed Appellant's request to

withdraw his *nolo contendere* plea, in part, as follows:

> …Appellant entered into a *nolo contendere* plea on May 8, 2018. At the time of the plea, [Appellant] knew that he was on probation/parole with the [PBPP] and that the [PBPP] would have to calculate his back time. This [c]ourt notes that as part of the sentence imposed for six (6) to twenty-three (23) months[' incarceration at Docket No. 5196-2017], he was provided with good time credit, reentry plan eligible and credit from June 22, 2017. This [c]ourt notes that following the sentence on September 17, 2018, Appellant's counsel and the Assistant District Attorney entered into a stipulation providing Appellant with credit from June 22, 2017, to November 16, 2017, with the balance of the credit from November 17, 2017, forward to be applied to his parole back time on case CP-23-CR-7207-201[3].

(Trial Court Opinion, filed November 7, 2018, at 4) (internal footnote omitted).

Thus, Appellant received the benefit of his plea bargain with the Commonwealth regarding time-served credit for his parole back-time sentence at Docket No. 7207-2013, and we discern no abuse of discretion in the trial court's denial of Appellant's motion to withdraw his *nolo contendere* plea. ***See Muhammad, supra***. Additionally, following our independent review of the record, we agree the appeal is frivolous. ***See Dempster, supra***; ***Palm, supra***. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/20