J-S25040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT H. ZUTELL | : | |
| | : | |
| Appellant | : | No. 1631 MDA 2019 |

Appeal from the PCRA Order Entered September 19, 2019
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000036-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT H ZUTELL | : | |
| | : | |
| Appellant | : | No. 1632 MDA 2019 |

Appeal from the PCRA Order Entered September 19, 2019
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000046-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT H. ZUTELL | : | |
| | : | |
| Appellant | : | No. 1633 MDA 2019 |

Appeal from the PCRA Order Entered September 19, 2019
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000047-2017

BEFORE: LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 30, 2020**

Appellant, Robert H. Zutell, appeals from the orders entered in the Montour County Court of Common Pleas, which denied his first petition brought under the Post-Conviction Relief Act.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. At Docket No. 36-2014, the Commonwealth charged Appellant with terroristic threats. At both Docket Nos. 46-2017 and 47-2017, the Commonwealth charged Appellant with one count each of terroristic threats and harassment. On May 16, 2017, Appellant filed a motion to dismiss under Pa.R.Crim.P. 600 at all three dockets. Following a hearing, the court denied Rule 600 relief on June 5, 2017. That same day, Appellant entered *nolo contendere* pleas at each docket number. Specifically, Appellant entered *nolo contendere* pleas to one count of terroristic threats at Docket No. 36-2014, and one count of harassment at both Docket Nos. 46-2017 and 47-2017. On July 5, 2017, the court sentenced Appellant at all three docket numbers to an aggregate term of one (1) to three (3) years' incarceration, plus one (1) year probation. Appellant filed no post-sentence motions or direct appeal.

On June 26, 2018, Appellant timely filed *pro se* his first PCRA petition at

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

each docket number, and the court subsequently appointed counsel. The court denied PCRA relief on September 19, 2019, following a hearing. On October 7, 2019, Appellant filed timely notices of appeal at each docket number.[2] The court ordered Appellant on October 19, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On October 30, 2019, counsel filed a Rule 1925(c)(4) statement of intent to file a brief under **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This Court consolidated the appeals *sua sponte* on December 9, 2019. Subsequently, counsel filed in this Court a petition to withdraw as counsel and an **Anders** brief.

Preliminarily, "[b]efore an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of [**Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*)]." **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature

---

[2] In each notice of appeal, Appellant included only the docket number at which he filed the notice, in compliance with **Commonwealth v. Creese**, 216 A.3d 1142 (Pa.Super. 2019). In any event, this Court recently overruled **Creese** to the extent that it required the Superior Court to quash appeals when an appellant files multiple notices of appeal and each notice of appeal lists all of the trial court docket numbers. **See Commonwealth v. Johnson**, ____ A.3d ____, 2020 PA Super 164 (filed July 9, 2020) (*en banc*). Thus, Appellant's notices of appeal are properly before us.

and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed immediately either *pro se* or with new counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, counsel filed on appeal a petition to withdraw and a no-merit brief.[3] Counsel's brief details the nature of his review and explains why Appellant's claims lack merit. Counsel's brief also demonstrates he examined the certified record and found no meritorious issues for appeal. Counsel notified Appellant of the request to withdraw and advised Appellant of his rights. Thus, counsel has substantially complied with the *Turner*/*Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*. Accordingly, we proceed to an independent evaluation. *See Turner, supra* at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

---

[3] Where PCRA counsel requests to withdraw, the appropriate filing is a "no-merit" letter/brief per *Turner*/*Finley*. *See Turner, supra*; *Finley, supra*. Here, counsel mistakenly designated his no-merit brief as one pursuant to *Anders*. Nevertheless, we can accept an *Anders* brief in lieu of a *Turner*/*Finley* brief where counsel seeks to withdraw on appeal. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005).

Counsel raises the following issues for our review:

Was the PCRA court's order denying...Appellant relief free from legal error?

Did...Appellant waive his right to appeal the denial of his motion for relief pursuant to Pa.R.Crim.P. 600?

Did counsel comply with [**Turner** and **Finley**]?

(**Turner**/**Finley** Brief at 3).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. **Commonwealth v. Abu-Jamal**, 553 Pa. 485, 527, 720 A.2d 79, 99 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. **Id.**

_____

[4] Appellant has not responded to counsel's brief with newly retained counsel or *pro se*.

On appeal, counsel avers that Appellant sought to challenge the denial of his Rule 600 motion in his PCRA petition. Counsel sets forth Appellant's claim that the court's allegedly improper denial of his Rule 600 motion "pressured" Appellant into entering unknowing, involuntary, and unintelligent *nolo contendere* pleas. Nevertheless, counsel submits that Appellant entered valid pleas, which bar him from contesting the Rule 600 ruling. Counsel concludes this Court has no basis upon which to grant Appellant relief. We agree with counsel's assessment.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa.Super. 2017). ***See also Commonwealth v. Jefferson***, 777 A.2d 1104, 1107 n.3 (Pa.Super. 2001) (stating: "In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea"). Significantly, a defendant who pleads guilty may not raise a Rule 600 challenge unless he can show the Rule 600 violation affected the voluntariness of the plea itself. ***Commonwealth v. Gibson***, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990).

A valid guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). A defendant must make a plea in open court and the court shall conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights

and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. ***Commonwealth v. Watson***, 835 A.2d 786, 796-97 (Pa.Super. 2003). The reviewing Court will evaluate the adequacy of the plea proceedings and the voluntariness of the resulting plea based on the totality of the circumstances surrounding its entry. ***Commonwealth v. Muhammad***, 794 A.2d 378, 383-84 (Pa.Super. 2002). The person who elects to plead guilty must answer the colloquy questions truthfully. ***Pollard, supra*** at 524. Pennsylvania law presumes a defendant knew what he was doing when he entered his guilty plea, so he bears the burden to prove otherwise. ***Commonwealth v. Yoemans***, 24 A.3d 1044, 1047 (Pa.Super. 2011).

Instantly, Appellant raises a Rule 600 claim, which is generally not cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii) (explaining petitioner is eligible for PCRA relief if he pleads and proves conviction or sentence resulted from constitutional violation, ineffective assistance of counsel, unlawfully induced guilty plea, improper obstruction of right to appeal, existence of after-discovered exculpatory evidence, imposition

of sentence greater than lawful maximum, or proceeding in tribunal without jurisdiction). Thus, to the extent that Appellant asserts a bare Rule 600 challenge, it is not properly before us.

Insofar as Appellant claims the denial of Rule 600 relief coerced him into entering unlawful *nolo contendere* pleas, his complaint is cognizable under the PCRA and we may address it. **See id.**; **Gibson, supra**. In his plea colloquy, Appellant indicated he understood the facts and circumstances of the charges, the trial and appellate rights he would waive upon entry of the pleas, and that the court was not bound by the terms of the plea. The colloquy established that Appellant had discussed the pleas with counsel, and had not been coerced into entering the pleas or promised anything in exchange for entering the pleas. Under the totality of the circumstances, the record shows Appellant entered knowing, voluntary, and intelligent *nolo contendere* pleas.[5] **See Watson, supra**; **Muhammad, supra**. Therefore, we see no reason to disrupt the court's denial of PCRA relief. **See Conway, supra**. Following our independent review of the record, we agree with counsel that the appeal is frivolous. **See Turner, supra**. Accordingly, we affirm.

Orders affirmed; counsel's petition to withdraw is granted.

---

[5] Further, we observe that Appellant made no argument before the PCRA court or on appeal explaining why/how the trial court's denial of Appellant's Rule 600 motion was improper.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/30/2020